MARK J. CONNOT
mconnot@foxrothschild.com
KEVIN M. SUTEHALL
ksutehall@foxrothschild.com
COLLEEN E. MCCARTY
cmccarty@foxrothschild.com
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Ls Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
*Attorneys for Defendants Ahern Rentals, Inc.
and Xtreme Manufacturing, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor.<br><br>Affects:<br><br>☐ DC Solar Solutions, Inc.<br>☐ DC Solar Distribution, Inc.<br>☐ DC Solar Freedom, Inc.<br>☐ Double Jump., Inc.<br>☒ All Debtors<br><br>CHRISTINA W. LOVATO, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>AHERN RENTALS, INC. and XTREME MANUFACTURING, LLC,<br><br>Defendants. | Lead Case No. BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \|<br><br>Adversary No.: 22-05001-gs<br><br>**DEFENDANTS' MOTION TO DISMISS TRUSTEE'S ADVERSARY COMPLAINT WITH PREJUDICE**<br><br>Date of Hearing: TBD<br>Time of Hearing: TBD<br>Estimated Time for Hearing: 30 Minutes |

Defendants, Ahern Rentals, Inc. ("Ahern Rentals") and Xtreme Manufacturing, LLC ("Xtreme") (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby submit this Motion to Dismiss with incorporated Memorandum of Points and Authorities, respectfully

-1-

131470166

requesting the Court to dismiss the Adversary Complaint ("Complaint") filed by Plaintiff, Christina W. Lovato, Trustee ("Plaintiff" or "Trustee"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, which are made applicable to the above-captioned adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.[1]  Defendants respectfully request the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted and failure to plead fraud with particularity.[2]

Dated this 2nd day of March, 2022.

**FOX ROTHSCHILD LLP**

/s/ Mark J. Connot
MARK J. CONNOT
mconnot@foxrothschild.com
KEVIN M. SUTEHALL
ksutehall@foxrothschild.com
COLLEEN E. McCARTY
cmccarty@foxrothschild.com
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile:     (702) 597-5503
*Attorneys for Defendants Ahern Rentals, Inc. and Xtreme Manufacturing, LLC*

---

[1] References herein to the Bankruptcy Code refer to Title 11 of the United States Code (11 U.S.C. §§, *et seq.*), as applicable.  References herein to the Bankruptcy Rules refer to the Federal Rules of Bankruptcy Procedure, as applicable.  References herein to the Federal Rules refer to the Federal Rules of Civil Procedure, as applicable.

[2] Pursuant to Rule 7012(b), a defendant does not need to indicate whether it consents to entry of final orders or judgment by the Bankruptcy Court until it serves a responsive pleading.  Accordingly, each Defendant reserves its rights with respect to this issue.

131470166

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION/FACTUAL BACKGROUND

No matter how artfully the Trustee may have designed her pleading seeking to avoid and recover all unextinguished transfers to Defendants Ahern Rentals and Xtreme, respectively, the deficiencies of this misdirected adversary proceeding are easily revealed and ultimately fatal. To start, it is undisputed that the challenged transfers to Ahern Rentals, which number 17 and are listed in Exhibit 1 of the Complaint, date from March 5, 2018 to November 29, 2018. And the challenged transfers to Xtreme, which number 19 and are listed in Exhibit 2 of the Complaint, date from January 19, 2016 to November 21, 2018. Yet there is not a single allegation in the Trustee's Complaint that actually connects one of these transfers, in temporal scope or in any other way, to any misconduct by Ahern Rentals or Xtreme that supports the Trustee's claims.

In fact, of the 123 substantive paragraphs in the Factual Allegations – the summary references to The Transfers attached as Exhibits 1 and 2 and the Triggering Creditors notwithstanding – there are only 46 paragraphs where a specific date or time certain is even mentioned or can be ascertained in some way from the corresponding allegations. *See* Complaint ¶¶ 8, 19-21, 26-27, 29, 32, 39-40, 53, 55-56, 58, 60-61, 65-70, 72, 82, 89-96, 98-99, 101, 103, 106, 108, 111-112, 116, 121-126. Of those with dated allegations, then, only half – 23 paragraphs – include any actions purportedly taken in 2016 or later. *See* Complaint ¶¶ 19-21, 27, 61, 82, 89-96, 103, 106, 108, 111-112, 116, 121-123. And most telling, of those paragraphs, exactly 1 inconsequential paragraph actually references actions attributed to Defendants, Ahern Rentals or Xtreme. *See* Complaint ¶¶ 27.

This is not to oversimply the analysis of the Trustee's wholly inadequate pleading, of course, but simply to provide the necessary context for the Court's review. It is true there was a Carpoff Ponzi Scheme and that the Trustee alleges this caused the DC Solar entities to become insolvent. It is also true that the Trustee alleges (although Defendants deny) that the Defendants took actions, albeit prior to 2016, to further the scheme and that this, in turn, allegedly provides support for the eight (8) causes of action brought against each Defendant. But it is also true is that each and every one of the allegations pertaining to the actual Defendants named herein are wholly disconnected from,

-3-

131470166

and earlier in time, than each and every transfer that is the target of the Trustee's Complaint. This is fatal to all of the Trustee's claims, and most especially of those sounding in fraud. Further, should the Trustee seek to amend to actually tie any allegation to any challenged transfer, such amendment would be futile where: (i) the Trustee lacks standing to assert claims obviously belonging solely to one creditor; (ii) the Trustee's claims are barred by the doctrine of *in pari delicto*; and (iii) the Trustee otherwise fails to assert all of the necessary elements of her claims, especially as to Defendant Xtreme.

For all of these reasons, as stated more specifically herein, the Trustee's claims simply cannot withstand this Court's application of the motion to dismiss standard.

## II.

## LEGAL ARGUMENT

### A. Applicable Legal Standards.

The court has discretion to dismiss the complaint in an adversary proceeding when a plaintiff fails to "allege facts sufficient to state a plausible claim for relief." *Matter of Lee*, 781 F.App'x 677, 678 (9th Cir. 2019), citing Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, the court does not abuse its discretion in dismissing an action without leave to amend when an amendment would be futile. *Id*. A complaint's factual allegations must be enough to raise a right to relief above a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re: Greenstein*, 589 B.R. 854, 861-65 (C.D. Cal. 2018), aff'd, 788 F.App'x 497 (9th Cir. 2019).

A motion pursuant to Rule 12(b)(6) must be granted where there is either "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Siaperas v. Montana State Comp. Ins. Fund*, 480 F.3d 1001, 1003 (9th Cir. 2007). In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). A court does not necessarily assume the truth of legal

1  conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff's obligation to provide the grounds for relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Twombly*, 550 U.S. at 555.

Under *Twombly* and *Ashcroft*, a court must undertake a two-step process in ruling on a motion to dismiss for failure to state a claim. First, the court must determine what is merely a legal conclusion and what is a factual allegation. *See Ashcroft*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, the court must determine whether the factual allegations aver a plausible claim for relief. *See id*. at 679. Dismissal is appropriate whenever the facts as alleged do not amount to more than a mere possibility of a claim. *See id*.

Finally, should the issue arise, there are two exceptions to the requirement that consideration of extrinsic evidence converts a Rule 12(b) motion to a summary judgment motion. First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment; if the documents are not physically attached to the complaint, they may be considered if the documents "authenticity….is not contested" and "the plaintiff's complaint necessarily relies" on them. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B.    The Adversary Complaint Must Be Dismissed Because the Bankruptcy Trustee Lacks Standing to Assert Claims Belonging Solely to a Creditor.**

A bankruptcy trustee has a special role. The trustee "stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy." *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir.2005) (internal quotation marks omitted); 11 U.S.C. §§ 704(1), 541(a)(1). However, the trustee's power is limited. The trustee may only assert claims belonging to a debtor corporation and "has no standing generally to sue third parties on behalf of the estate's creditors." *Smith*, 421 F.3d at 1002 (internal quotation marks omitted); *see also Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir.1991) (citing *Caplin v. Marine Midland Grace Trust Co*., 406 U.S. 416, 434 (1972) ("[a] claim

against a third party for defrauding a corporation with the cooperation of management accrues to creditors, not to the guilty corporation.").

Here, the Trustee's entire adversary proceeding against these specific Defendants is conditioned upon the role, if any, each played in furthering the Carpoff Ponzi Scheme to the detriment of the DC Solar investors. The only specific allegations, however, pertain to the investor group Solar Eclipse Fund IX ("Fund IX"). *See* Complaint, Sec. V, ¶¶ 40-64. Notably none of the Fund IX-related allegations mention Defendant Xtreme in any way, which deficiency is discussed in great detail in Section D, below; indeed, the only allegations against Xtreme are generally that they manufactured the mobile solar generators ("MSGs") that were the focus of the tax equity investment scheme perpetuated by Carpoff. *See* Complaint, ¶¶ 71-77. But the losses to Fund IX occasioned by the Carpoff Ponzi Scheme scheme are, in fact, the only specific allegations made by the Trustee against Defendant Ahern Rentals, and this clear creditor claim exceeds the Trustee's power in an adversary proceeding.

C. **The Adversary Complaint Must Be Dismissed Because the Doctrine of In Pari Delicto Bars the Trustee's Claims.**

Even if the Court finds the Trustee enjoys general standing to bring this adversary proceeding as pled, her claims are nevertheless barred. The Trustee's own allegations, as set forth in the Complaint, establish for the purposes of this Motion that insiders of the Debtor DC Solar entities, including Jeff Carpoff, were "perpetrating a Ponzi scheme…through DC Solar and other entities." *See* Complaint, ¶ 14. The Trustee goes on to detail how the scheme worked, how Federal law enforcement raided the Debtor entities in December 2018, shortly after the last transfers targeted herein, and the instant Bankruptcy followed shortly thereafter. *See* Complaint, ¶¶ 15-21. And, the Trustee provides the allegations of how it believes Ahern Rentals and Xtreme participated in or otherwise helped perpetuate the scheme. *See* Complaint, ¶¶ 40-64, 71-77. These allegations of misrepresentations and other misconduct by the DC Solar entities and DC Solar insiders require dismissal for a second, independent reason: the doctrine of *in pari delicto*.

The *in pari delicto* doctrine has been widely applied by bankruptcy courts to deny trustees and other successors to debtors standing to pursue claims on behalf of bankruptcy estates. For

-6-
131470166

example, in *USACM Liquidating Trust v. Deloitte & Touche*, 754 F.3d 645 (9th Cir. 2014), the court held that a Chapter 11 liquidating trustee lacked standing to pursue the Debtor's accounting firm for aiding and abetting in the debtor's breach of fiduciary duty. *In pari delicto* is a doctrine which generally provides that "[i]n case of equal fault the condition of the party defending is the better one." *Kardoh v. United States*, 572 F.3d 697, 700 (9th Cir. 2009) (quotation omitted). It has been recognized as an affirmative defense which "prohibits plaintiffs from recovering damages resulting from their own wrongdoing." *Nisselson v. Lernout*, 469 F.3d 143, 151 (1st Cir. 2006). The doctrine generally arises out of the theory that courts should not become involved in resolving disputes among wrongdoers, but instead should leave them where their own wrongdoing has left them. *Id.* Denying judicial relief to a wrongdoer "is an effective means of deterring illegality." *Id.*

In *In re Mortgage Fund '08 LLC*, 527 B.R. 351, 366–67 (N.D. Cal. 2015), a district court acknowledged that the Ninth Circuit had not directly addressed the application of the *in pari delicto* doctrine to a bankruptcy trustee, but concluded that the Ninth Circuit would likely follow other circuits in applying the doctrine. It found that, although the Ninth Circuit has not directly addressed the issue, every circuit to have considered the question has held that a defendant "sued by a trustee in bankruptcy may assert the defense of *in pari delicto*, if the jurisdiction whose law creates the claim permits such a defense outside of bankruptcy." *Id*. at 367. Nevada has long recognized the doctrine's application. *Shimrak v. Garcia-Mendoza*, 112 Nev. 246, 251-52, 912 P.2d 822, 826 (1996); *see also In Re Americo Derivative Litigation*, 127 Nev. 196, 216, 252 P.3d 681, 694 (2011) (recognizing *in pari delicto* doctrine application to corporations and shareholder derivative suits).

The Ninth Circuit has not addressed, in a published opinion, the applicability of the *in pari delicto* doctrine to claims brought by a liquidating trustee. However, in an unpublished decision, the Ninth Circuit affirmed a decision by Judge Chesney of this Court in which she held that the *in pari delicto* defense could be asserted against a bankruptcy trustee because "[w]here, as here, a bankruptcy trustee files claims on behalf of the bankruptcy estate, § 541(a)(1) ... provides that the trustee's rights are no greater than the rights of the debtor." *In re Crown Vantage, Inc.*, No. 023836 MMC, 2003 WL 25257821, at *6 (N.D.Cal. Sept. 25, 2003), aff'd *Crown Paper Liquidating Trust v. Pricewaterhousecoopers LLP*, 198 Fed. Appx. 597 (9th Cir.2006) ("We affirm for the reasons set

-7-

131470166

forth in the well-reasoned district court orders filed on September 25, 2003, July 12, 2004, March 28, 2005 and March 30, 2005, in this consolidated appeal."), cert. denied, *Crown Paper Liquidating Trust v. PricewaterhouseCoopers*, 549 U.S. 1253, 127 S.Ct. 1381 (2007).

The *in pari delicto* doctrine applies here to bar the Trustee from pursuing the Complaint. The Trustee stands in the shoes of the Debtor DC Solar entities and is subject to any defenses that could be asserted against them. As the willing participants in the Carpoff Ponzi Scheme that hastened their own insolvency and demise, they may at best be said to be *in pari delicto* with the Defendants, if the Complaint allegations are taken as true for purposes of this Motion. And, the brief period in which the DC Solar governance may have changed prior to the filing of the Bankruptcy petition does not change the Court's analysis. See, e.g., *Giacometti v. Arton Berm, Ltd. (In re Sukamto Sia)*, 349 B.R. 640, 655 (Bankr. D. Hawaii 2006) (holding the issue of the trustee's standing to attack alleged civil conspiracies turns on timing, and doctrine of *in pari delicto* would prevent pre-bankruptcy claims against Sia and his co-conspirators from passing to the bankruptcy estate, as such claims, if any, against prepetition co-conspirators of the debtor belong to individual pre-bankruptcy creditors).

D. **The Adversary Complaint Claims of Preference and Fraudulent Transfer Must Be Dismissed Because the Trustee Fails to Allege Essential Elements.**

As a final basis for dismissal, the Trustee has failed to allege essential elements of her transfer claims based on preference and fraud. The preference claim fails as to Defendant Xtreme in its entirety, where the Complaint contains no substantive allegations beyond those that Xtreme and the DC Solar entities had a manufacturing agreement between them and Xtreme may have "manufactured less MSGs than DC Solar paid for." See Complaint, ¶ 72, 118. These are the only allegations in the Complaint that remotely implicate transfers, and even then the timing appears to pre-date the actual challenged transfers. The remaining allegations all concern the imputed knowledge of Evan Ahern regarding the Carpoff Ponzi Scheme but in no way reference transfers. See Complaint, ¶¶ 71-77. The Trustee's preference claim as to Xtreme therefore fails because the Trustee's own allegations show no more than transfers were made in the ordinary course of business. "A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense…appears on its face." *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) (quotation omitted). And a transfer may not be avoided as

-8-

131470166

a preference if "such transfer was…made in the ordinary course of business or financial affairs of the debtor and the transferee, or made according to ordinary business terms." 11 U.S.C. § 547(c)(2).

The fraud claims also fail in their entirety, as to both Xtreme and Ahern Rentals, because all such claims lack the minimum specificity required under Rule 9(b). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F.Supp.3d 1092, 1107-08 (C.D. Cal. 2015) (internal citations omitted). The requirement to plead with particularity is further explained to require the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id*. It is in this area that the myriad problems with the Trustee's Complaint are most obvious.

At a minimum, the Trustee's Complaint fails to allege fraud with the requisite particularity in any respect, much less in connection with any challenged transfer. It does not point to specific statements made by either Defendant or provide the "who, what, when, where" allegations required of a fraud claim. The threadbare allegations that are included fail to connect particular statements to specific transfers or to provide any meaningful opportunity for Defendants to understand clearly or refute the allegations against them. Anything the Trustee does assert with specificity is tied to the Carpoff Ponzi Scheme only in the most general sense and is unavailing in both substance and timing. As a final matter, it is not enough for the Trustee to simply "lump together" the allegations in the way she has regarding the Defendants' alleged participation in the scheme. The Complaint provides separate paragraphs and separate causes of action, but in the end, it is basically all the same argument that but for the actions of Defendants to provide credibility to or cover for the misrepresentations of Carpoff, the scheme would have failed sooner. The Defendants are distinct entities, and Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but requires a plaintiff to differentiate their allegations when suing more than one defendant…and inform each defendant separately of the allegations surrounding his participation in the fraud." *UMG Recordings*, 117 F.Supp at 1107-09 (emphasis added) (citing *Schwartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

131470166

For these additional reasons, the Trustee's claims for preference and fraud should be dismissed.

### III.

### CONCLUSION

For the reasons set forth herein, Defendants respectfully request the Court grant the instant Motion to Dismiss, dismiss with prejudice all claims asserted by the Trustee against the Defendants, and each of them, and grant such other and further relief as the Court deems just and proper.

Dated this 2nd day of March, 2022.

**FOX ROTHSCHILD LLP**

*/s/ Mark J. Connot*
MARK J. CONNOT
mconnot@foxrothschild.com
KEVIN M. SUTEHALL
ksutehall@foxrothschild.com
COLLEEN E. McCARTY
cmccarty@foxrothschild.com
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile:     (702) 597-5503
*Attorneys for Defendants Ahern Rentals, Inc.*
*and Xtreme Manufacturing, LLC*

131470166

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Fox Rothschild LLP and that on the 2nd day of March, 2022, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS TRUSTEE'S ADVERSARY COMPLAINT WITH PREJUDICE** via the Court's CM/ECF system as follows:

Jeffrey L. Hartman, Esq.
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
notices@bankruptcyreno.com

Michael S. Budwick, Esq. (*pro hac vice*)
Solomon B. Genet, Esq. (*pro hac vice*)
Gil Ben-Ezra (*pro hac vice*)
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com

Attorneys for Plaintiff
Christina W. Lovato, Chapter 7 Trustee

                                            */s/ Doreen Loffredo*
                                            An employee of Fox Rothschild LLP

131470166