MARK J. CONNOT
mconnot@foxrothschild.com
KEVIN M. SUTEHALL
ksutehall@foxrothschild.com
COLLEEN E. MCCARTY
cmccarty@foxrothschild.com
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Ls Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
*Attorneys for Defendants Ahern Rentals, Inc.*
*and Xtreme Manufacturing, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor. | Lead Case No. BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with: |

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

| | |
|---|---|
| CHRISTINA W. LOVATO, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>AHERN RENTALS, INC. and XTREME<br>MANUFACTURING, LLC,<br><br>Defendants. | Adversary No.: 22-05001-gs<br><br>**DEFENDANTS' ANSWER AND**<br>**AFFIRMATIVE DEFENSES TO**<br>**ADVERSARY COMPLAINT WITH NO**<br>**CONSENT TO ENTRY OF FINAL ORDERS**<br>**OR JUDGMENTS**<br><br>**JURY TRIAL DEMANDED** |

Defendants, Ahern Rentals, Inc. ("Ahern Rentals") and Xtreme Manufacturing, LLC

("Xtreme," and together with Ahern Rentals, "Defendants"), by and through their undersigned

counsel, hereby answer the Adversary Complaint ("Complaint") [ECF No. 1] filed by Christina W.

Lovato, in her capacity as the Chapter 7 Trustee ("Trustee" or "Plaintiff") for the consolidated estates

of DC Solar Solutions, Inc. ("Solutions"), DC Solar Distribution, Inc. ("Distribution"), DC Solar

Freedom, Inc. ("Freedom," and together with Solutions and Distribution, "DC Solar") and Double

Jump, Inc. ("DJ," and together with DC Solar, the "Debtors") and state as follows:

1

134790744

**LOCAL RULE 7012 STATEMENT**

Defendants do not consent to entry of final orders or judgments by the Bankruptcy Court.

**PARTIES**

1.      Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff is the chapter 7 bankruptcy trustee for the Debtors. The remaining allegations in Paragraph 1 set forth legal conclusions for which no response is required.

2.      Answering Paragraph 2 of the Complaint, Defendants admit Ahern Rentals is a corporation organized under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.      Answering Paragraph 3 of the Complaint, Defendants admit Xtreme is a limited liability company organized under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

**JURISDICTION**

4.      Answering Paragraph 4 of the Complaint, Defendants state the allegations therein set forth legal conclusions for which no response is required.

5.      Answering Paragraph 5 of the Complaint, Defendants state that the Trustee's statement that she consents to the entry of final orders and judgments by the Bankruptcy Court speaks for itself and requires no answer.

**FACTUAL ALLEGATIONS**

6.      Answering Paragraph 6 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

7.      Answering Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

8.      Answering Paragraph 8 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

9.      Answering Paragraph 9 of the Complaint, Defendants state they are without

134790744

knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

10.    Answering Paragraph 10 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

11.    Answering Paragraph 11 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

12.    Answering Paragraph 12 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

13.    Answering Paragraph 13 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

14.    Answering Paragraph 14 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

15.    Answering Paragraph 15 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

16.    Answering Paragraph 16 of the Complaint, Defendants deny knowledge of alleged actions taken by Jeff Carpoff ("Carpoff") or DC Solar in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 16 of the Complaint and therefore deny the same.

17.    Answering Paragraph 17 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

134790744

18.     Answering Paragraph 18 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or DC Solar in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 18 of the Complaint and therefore deny the same.

19.     Answering Paragraph 19 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

20.     Answering Paragraph 20 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

21.     Answering Paragraph 21 of the Complaint, Defendants admit the allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants state the allegations therein set forth a legal conclusion for which no response is required.

23.     Answering Paragraph 23 of the Complaint, Defendants deny the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendants admit Ahern Rentals is an equipment rental operation, and Xtreme is an equipment manufacturing operation. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25.     Answering Paragraph 25 of the Complaint, Defendants admit Don Ahern's father started Ahern Rentals, Don Ahern grew the business, and Don Ahern's son, Evan Ahern, once worked for the business. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.     Answering Paragraph 26 of the Complaint, Defendants deny the allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, Defendants deny the allegations contained therein.

28.     Answering Paragraph 28, Defendants admit Evan Ahern was familiar with the Ahern Rentals and Xtreme businesses. Defendants deny the remaining allegations in Paragraph 28 of the

4

134790744

Complaint.

29.    Answering Paragraph 29, Defendants admit Evan Ahern held various executive positions with Ahern Rentals at given points in time. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30.    Answering Paragraph 30 of the Complaint, Defendants deny the allegations contained therein.

31.    Answering Paragraph 31 of the Complaint, Defendants admit that Kirk Hartle, Sami Bakdash and Michael McGhee each held an executive position with Ahern Rentals at given points in time. Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.    Answering Paragraph 32 of the Complaint, Defendants admit that Evan Ahern and Don Ahern met with Carpoff and DC Solar in regard to potential legitimate business opportunities. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33.    Answering Paragraph 33 of the Complaint, Defendants admit they each sought legitimate business opportunities with DC Solar. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.    Answering Paragraph 34 of the Complaint, Defendants admit that those statements were made by an Ahern employee.

35.    Answering Paragraph 35 of the Complaint, Defendants state that they are unaware of Carpoff's motivation and they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

36.    Answering Paragraph 36 of the Complaint, Defendants deny the allegations contained therein.

37.    Answering Paragraph 37 of the Complaint, Defendants deny the allegations contained therein.

38.    Answering Paragraph 38 of the Complaint, Defendants deny the allegations contained therein.

39.    Answering Paragraph 39 of the Complaint, Defendants admit that they engaged outside counsel to advise them in regard to certain agreements drafting and deny the the remaining

134790744

allegations contained therein.

40.    Answering Paragraph 40 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or DC Solar in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 40 of the Complaint and therefore deny the same.

41.    Answering Paragraph 41 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

42.    Answering Paragraph 42 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

43.    Answering Paragraph 43 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

44.    Answering Paragraph 44 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

45.    Answering Paragraph 45 of the Complaint, Defendants state the lease agreement between Ahern Rentals and Solar Eclipse Fund IX ("Fund IX") speaks for itself and requires no answer. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 45 of the Complaint and therefore deny the same.

46.    Answering Paragraph 46 of the Complaint, Defendants state the lease agreement between Ahern Rentals and Efficient Energy Distribution, Inc. ("EE") speaks for itself and requires no answer. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 46 of the Complaint and therefore deny the same.

47.    Answering Paragraph 47 of the Complaint, Defendants deny they received and relied

134790744

6

upon a representation that EE was unaffiliated with DC Solar. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 47 of the Complaint and therefore deny the same.

48.    Answering Paragraph 48 of the Complaint, Defendants state the lease agreements between Ahern Rentals and Fund IX and Ahern Rentals and EE speak for themselves and require no answer. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 48 of the Complaint and therefore deny the same.

49.    Answering Paragraph 49 of the Complaint, Defendants deny the allegations contained therein.

50.    Answering Paragraph 50 of the Complaint, Defendants deny the allegations contained therein.

51.    Answering Paragraph 51 of the Complaint, Defendants deny the allegations contained therein.

52.    Answering Paragraph 52 of the Complaint, Defendants deny the allegations contained therein.

53.    Answering Paragraph 53 of the Complaint, Defendants admit Ahern Rentals' corporate representative testified at the Trustee's November 30, 2021 R. 2004 examination as stated

54.    Answering Paragraph 54 of the Complaint, Defendants deny the allegations contained therein.

55.    Answering Paragraph 55 of the Complaint, Defendants admit Ahern Rentals' corporate representative testified at the Trustee's November 30, 2021 R. 2004 examination as stated. Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56.    Answering Paragraph 56 of the Complaint, Defendants admit that an email address was created but deny the remaining allegations contained therein.

57.    Answering Paragraph 57 of the Complaint, Defendants deny the allegations contained therein.

58.    Answering Paragraph 58 of the Complaint, Defendants deny the allegations contained

134790744

therein.

59.    Answering Paragraph 59 of the Complaint, Defendants deny the allegations contained therein.

60.    Answering Paragraph 60 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations regarding the dissolution actions of EE. Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61.    Answering Paragraph 61 of the Complaint, Defendants deny the allegations contained therein.

62.    Answering Paragraph 62 of the Complaint, Defendants deny the allegations contained therein.

63.    Answering Paragraph 63 of the Complaint, Defendants deny the allegations contained therein.

64.    Answering Paragraph 64 of the Complaint, Defendants deny the allegations contained therein.

65.    Answering Paragraph 65 of the Complaint, Defendants admit that an email was sent that attached the documents reference therein.

66.    Answering Paragraph 66 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

67.    Answering Paragraph 67 of the Complaint, Defendants deny the allegations contained therein.

68.    Answering Paragraph 68 of the Complaint, Defendants deny the allegations contained therein.

69.    Answering Paragraph 69 of the Complaint, Defendants admit that Evan Ahern executed the reference lease but deny the remaining allegations contained therein.

70.    Answering Paragraph 70 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff in furtherance of an alleged Ponzi scheme. Defendants state they are without

134790744

1  knowledge or information sufficient to form a belief as to the truth or veracity of the remaining

2  allegations of Paragraph 70 of the Complaint and therefore deny the same.

3       71.     Answering Paragraph 71 of the Complaint, Defendants deny the allegations contained

4  therein.

5       72.     Answering Paragraph 72 of the Complaint, Defendants state the manufacturing

6  agreement between Xtreme and DC Solar speaks for itself and requires no answer. Defendants deny

7  the remaining allegations of Paragraph 72 of the Complaint.

8       73.     Answering Paragraph 73 of the Complaint, Defendants admit Xtreme manufactured

9  mobile solar generators ("MSGs") for DC Solar. Defendants deny the remaining allegations of

10  Paragraph 73 of the Complaint.

11       74.     Answering Paragraph 74 of the Complaint, Defendants state they are without

12  knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

13  contained therein and therefore deny the same.

14       75.     Answering Paragraph 75 of the Complaint, Defendants deny that Don Ahern or Evan

15  Ahern were rewarded financially or that they had any knowledge of Carpoff's alleged wrongdoing.

16  Defendants state they are without knowledge or information sufficient to form a belief as to the truth

17  or veracity of the remaining allegations contained therein and therefore deny the same.

18       76.     Answering Paragraph 76 of the Complaint, Defendants deny knowledge of alleged

19  actions taken by Carpoff in furtherance of an alleged Ponzi scheme. Defendants state they are without

20  knowledge or information sufficient to form a belief as to the truth or veracity of the remaining

21  allegations of Paragraph 76 of the Complaint and therefore deny the same.

22       77.     Answering Paragraph 77 of the Complaint, Defendants admit Xtreme manufactured

23  certain MSGs for DC Solar. Defendants deny the remaining allegations of Paragraph 77 of the

24  Complaint.

25       78.     Answering Paragraph 78 of the Complaint, Defendants deny the allegations contained

26  therein.

27       79.     Answering Paragraph 79 of the Complaint, Defendants deny the allegations contained

28  therein.

9

134790744

80.     Answering Paragraph 80 of the Complaint, Defendants admit they are aware Evan Ahern filed a Bankruptcy Petition in this District in 2020. Defendants state they are without knowledge or information sufficient to form a belief as to what Carpoff may have recognized or learned and therefore deny the same. Defendants deny the remaining allegations of Paragraph 80 of the Complaint.

81.     Answering Paragraph 81 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

82.     Answering Paragraph 82 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

83.     Answering Paragraph 83 of the Complaint, Defendants deny the allegations contained therein.

84.     Answering Paragraph 84 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

85.     Answering Paragraph 85 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

86.     Answering Paragraph 86 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

87.     Answering Paragraph 87 of the Complaint, Defendants deny the allegations contained therein.

88.     Answering Paragraph 88 of the Complaint, Defendants deny the allegations contained therein.

89.     Answering Paragraph 89 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

134790744

1    contained therein and therefore deny the same.

2        90.    Answering Paragraph 90 of the Complaint, Defendants deny the allegations contained

3    therein.

4        91.    Answering Paragraph 91 of the Complaint, Defendants admit that Evan Ahern and/or

5    Michael McGhee provided certain information to Carpoff. Defendants state they are without

6    knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

7    contained therein and therefore deny the same.

8        92.    Answering Paragraph 92 of the Complaint, Defendants admit that Evan Ahern and/or

9    Michael McGhee provided certain information to Carpoff. Defendants deny the remaining allegations

10    contained therein.

11        93.    Answering Paragraph 93 of the Complaint, Defendants deny the allegations contained

12    therein.

13        94.    Answering Paragraph 94 of the Complaint, Defendants state they are without

14    knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

15    contained therein and therefore deny the same.

16        95.    Answering Paragraph 95 of the Complaint, Defendants deny the allegations contained

17    therein.

18        96.    Answering Paragraph 96 of the Complaint, Defendants deny the allegations contained

19    therein.

20        97.    Answering Paragraph 97, Defendants deny Evan Ahern in any way, either expressly

21    or by implication, waived the attorney-client privilege held between Ahern Rentals and its legal

22    counsel.

23        98.    Answering Paragraph 98, Defendants admit communications from Ahern Rentals'

24    legal counsel contain a disclaimer the same or substantially similar as the one stated. Defendants deny

25    communications between Ahern Rentals' legal counsel and Evan Ahern, even if shared, would

26    constitute a waiver of the attorney-client privilege held between Ahern Rentals and its legal counsel.

27        99.    Answering Paragraph 99 of the Complaint, Defendants admit that Evan Ahern

28    forwarded an email to Carpoff but deny that such would constitute a waiver of the attorney-client

134790744

privilege held between Ahern Rentals and its legal counsel.

100. Answering Paragraph 100 of the Complaint, Defendants deny the allegations contained therein.

101. Answering Paragraph 101 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

102. Answering Paragraph 102 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

103. Answering Paragraph 103 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

104. Answering Paragraph 104 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

105. Answering Paragraph 105 of the Complaint, Defendants admit that the acceptance certificates are part of the lease agreements. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained therein and therefore deny the same.

106. Answering Paragraph 106 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or others in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 106 of the Complaint and therefore deny the same.

107. Answering Paragraph 107 of the Complaint, Defendants deny the allegations contained therein.

108. Answering Paragraph 108 of the Complaint, Defendants deny the allegations contained therein.

109. Answering Paragraph 109 of the Complaint, Defendants deny the allegations

contained therein.

110.    Answering Paragraph 110 of the Complaint, Defendants deny the allegations contained therein.

111.    Answering Paragraph 111 of the Complaint, Defendants deny that there were any false or fabricated Acceptance Certificates. Defendants admit that Carpoff requested Evan Ahern to execute certain Acceptance Certificates.

112.    Answering Paragraph 112 of the Complaint, Defendants admit that Evan Ahern mistakenly signed the Acceptance Certificates under the belief that they were Acceptance Certifcaters for other units.

113.    Answering Paragraph 113 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 113 of the Complaint and therefore deny the same.

114.    Answering Paragraph 114 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or others in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 114 of the Complaint and therefore deny the same.

115.    Answering Paragraph 115 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or others in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 115 of the Complaint and therefore deny the same.

116.    Answering Paragraph 116 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or others in furtherance of an alleged Ponzi scheme and further deny that Eva Ahern was bribed , induced, or otherwise rewarded. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 116 of the Complaint and therefore deny the same.

117.    Answering Paragraph 117 of the Complaint, Defendants deny that the transfers were bribeds. Defendants state they are without knowledge or information sufficient to form a belief as to

the truth or veracity of the remaining allegations contained therein and therefore deny the same.

118.    Answering Paragraph 118 of the Complaint, Defendants admit Xtreme manufactured MSGs for DC Solar. Defendants deny the remaining allegations of Paragraph 118 of the Complaint.

119.    Answering Paragraph 119 of the Complaint, Defendants admit Ahern Rentals leased MSGs from DC Solar. Defendants deny the remaining allegations of Paragraph 119 of the Complaint.

120.    Answering Paragraph 120 of the Complaint, Defendants deny the allegations contained therein.

121.    Answering Paragraph 121 of the Complaint, Defendants admit in or about February 2019 law enforcement filed a declaration referencing a Ponzi scheme allegedly carried out by Carpoff and included therein references to Ahern Rentals. Defendants deny the remaining allegations of Paragraph 121 of the Complaint.

122.    Answering Paragraph 122 of the Complaint, Defendants admit in or about April 2019, Ahern Rentals terminated Evan Ahern's employment. Defendants deny the remaining allegations of Paragraph 122 of the Complaint.

123.    Answering Paragraph 123 of the Complaint, Defendants deny the allegations contained therein.

124.    Answering Paragraph 124 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 124 of the Complaint.

125.    Answering Paragraph 125 of the Complaint, Defendants admit DC Solar made certain payments to Xtreme within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 125 of the Complaint.

126.    Answering Paragraph 126 of the Complaint, Defendants admit DC Solar made certain payments to both Ahern Rentals and Xtreme within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 126 of the Complaint.

127.    Answering Paragraph 127 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions for which no response is required.

128.    Answering Paragraph 128 of the Complaint, Defendants state that the allegations

134790744

contained therein constitute legal conclusions for which no response is required.

**CLAIMS FOR RELIEF**
**COUNT I**
**Preferential Transfer – 11 U.S.C. § 547**
**[Ahern Rentals]**

129.    Paragraph 129 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants incorporate their answers to the allegations in the Complaint, Paragraphs 1-128.

130.    Answering Paragraph 130 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within 90 days of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 130 of the Complaint.

131.    Answering Paragraph 131 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within 1 year of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 131 of the Complaint.

132.    Answering Paragraph 132 of the Complaint, Defendants deny the allegations contained therein.

133.    Answering Paragraph 133 of the Complaint, Defendants admit Ahern Rentals was a creditor of DC Solar. Defendants deny the remaining allegations of Paragraph 133 of the Complaint.

134.    Answering Paragraph 134 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

135.    Answering Paragraph 135 of the Complaint, Defendants deny the allegations contained therein.

**COUNT II**
**Actual Fraudulent Transfer**
**11 U.S.C. § 548(a)(1)(A)**
**[Ahern Rentals]**

136.    Paragraph 136 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through

134790744

128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-135.

137.    Answering Paragraph 137 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within two years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 137 of the Complaint.

138.    Answering Paragraph 138 of the Complaint, Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained therein and therefore deny the same.

## COUNT III
### Constructive Fraudulent Transfer
### 11 U.S.C. § 548(a)(1)(B)
### [Ahern Rentals]

139.    Paragraph 139 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-138.

140.    Answering Paragraph 140 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within two years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 140 of the Complaint.

141.    Answering Paragraph 141 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or others in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 141 of the Complaint and therefore deny the same.

142.    Answering Paragraph 142 of the Complaint, Defendants deny the allegations contained therein.

134790744

16

1

2

3

4

**COUNT IV**
**Actual Fraudulent Transfer**
**11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) and**
**3439.07, NRS 112.180(1)(a), or other applicable state law**
**[Ahern Rentals]**

5

6

7

8

143.    Paragraph 143 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-142.

9

10

11

144.    Answering Paragraph 144 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 144 of the Complaint.

12

13

145.    Answering Paragraph 145 of the Complaint, Defendants deny the allegations contained therein.

14

15

16

**COUNT V**
**Constructive Fraudulent Transfer**
**11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) or 3439.05 and**
**3439.07, NRS 112.180(1)(b), NRS 112.190(1) & (2), or other applicable state law**
**[Ahern Rentals]**

17

18

19

20

146.    Paragraph 146 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-145.

21

22

23

147.    Answering Paragraph 147 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 147 of the Complaint.

24

25

26

27

148.    Answering Paragraph 148 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or others in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 148 of the Complaint and therefore deny the same.

28

134790744

149.    Answering Paragraph 149 of the Complaint, Defendants deny the allegations contained therein.

## COUNT VI
### Quasi-Contract Seeking Restitution as Remedy for Unjust Enrichment
### [Ahern Rentals]

150.    Paragraph 150 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-149.

151.    Answering Paragraph 151 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 151 of the Complaint.

152.    Answering Paragraph 152 of the Complaint, Defendants deny the allegations contained therein.

153.    Answering Paragraph 153 of the Complaint, Defendants deny the allegations contained therein.

154.    Answering Paragraph 154 of the Complaint, Defendants deny the allegations contained therein.

155.    Answering Paragraph 155 of the Complaint, Defendants deny the allegations contained therein.

## COUNT VII
### 11 U.S.C. § 550
### [Ahern Rentals]

156.    Paragraph 156 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-155.

134790744

157.    Answering Paragraph 157 of the Complaint, Defendants deny the allegations contained therein.

158.    Answering Paragraph 158 of the Complaint, Defendants deny the allegations contained therein.

**COUNT VIII**
**Disallowance of Claim**
**[Ahern Rentals]**

159.    Paragraph 159 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-158.

160.    Answering Paragraph 160 of the Complaint, Defendants admit the allegations contained therein.

161.    Answering Paragraph 161 of the Complaint, Defendants deny the allegations contained therein.

162.    Answering Paragraph 162 of the Complaint, Defendants deny the allegations contained therein.

163.    Answering Paragraph 163 of the Complaint, Defendants deny the allegations contained therein.

**COUNT IX**
**Preferential Transfer – 11 U.S.C. § 547**
**[Xtreme]**

164.    Paragraph 164 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-163.

165.    Answering Paragraph 165 of the Complaint, Defendants admit DC Solar made one payment to Xtreme within 90 days of the February 2019 Petition Date. Defendants deny the remaining

134790744

1    allegations of Paragraph 165 of the Complaint.

2        166.    Answering Paragraph 166 of the Complaint, Defendants admit DC Solar made certain

3    payments to Xtreme within 1 year of the February 2019 Petition Date. Defendants deny the remaining

4    allegations of Paragraph 166 of the Complaint.

5        167.    Answering Paragraph 167 of the Complaint, Defendants deny the allegations

6    contained therein.

7        168.    Answering Paragraph 168 of the Complaint, Defendants admit Xtreme was a creditor

8    of DC Solar. Defendants deny the remaining allegations of Paragraph 168 of the Complaint.

9        169.    Answering Paragraph 169 of the Complaint, Defendants deny the allegations

10    contained therein.

11        170.    Answering Paragraph 170 of the Complaint, Defendants deny the allegations

12    contained therein.

13
14
15

**COUNT X**
**Actual Fraudulent Transfer**
**11 U.S.C. § 548(a)(1)(A)**
**[Xtreme]**

16        171.    Paragraph 171 is a paragraph of incorporation to which no response is required. To the

17    extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through

18    128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in

19    the Complaint, Paragraphs 1-170.

20        172.    Answering Paragraph 172 of the Complaint, Defendants admit DC Solar made certain

21
22    payments to Xtreme within two years of the February 2019 Petition Date. Defendants deny the

23    remaining allegations of Paragraph 172 of the Complaint.

24        173.    Answering Paragraph 173 of the Complaint, Defendants deny the allegations

25    contained therein.

26
27
28

134790744

## COUNT XI
### Constructive Fraudulent Transfer
### 11 U.S.C. § 548(a)(1)(B)
### [Xtreme]

174.    Paragraph 174 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-173.

175.    Answering Paragraph 175 of the Complaint, Defendants admit DC Solar made certain payments to Xtreme within one year of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 175 of the Complaint.

176.    Answering Paragraph 176 of the Complaint, Defendants deny the  allegations contained therein.

177.    Answering Paragraph 177 of the Complaint, Defendants deny the allegations contained therein.

178.    Answering Paragraph 178 of the Complaint, Defendants deny the allegations contained therein.

179.    Answering Paragraph 179 of the Complaint, Defendants admit DC Solar provided Xtreme with certain component parts for the manufacture of MSGs. Defendants deny the remaining allegations of Paragraph 179 of the Complaint.

180.    Answering Paragraph 180 of the Complaint, Defendants deny the allegations contained therein.

181.    Answering Paragraph 181 of the Complaint, Defendants deny the allegations contained therein.

182.    Answering Paragraph 182 of the Complaint, Defendants deny the allegations contained therein.

134790744

1
2
3

## COUNT XII
### Actual Fraudulent Transfer
### 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) and
### 3439.07, NRS 112.180(1)(a), or other applicable state law
### [Xtreme]

4
5
6
7

183.    Paragraph 183 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-182.

8
9
10
11

184.    Answering Paragraph 184 of the Complaint, Defendants admit DC Solar made certain payments to Ahern Rentals within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 184 of the Complaint.

12
13

185.    Answering Paragraph 185 of the Complaint, Defendants deny the allegations contained therein.

14
15

## COUNT XIII
### Fraudulent Transfer, 11 U.S.C. § 544 and NRS 112.190
### [Xtreme]

16
17
18
19

186.    Paragraph 186 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-185.

20
21
22

187.    Answering Paragraph 187 of the Complaint, Defendants admit DC Solar made certain payments to Xtreme within four years of the February 2019 Petition Date. Defendants deny the remaining allegations of Paragraph 187 of the Complaint.

23
24
25
26

188.    Answering Paragraph 188 of the Complaint, Defendants deny knowledge of alleged actions taken by Carpoff or others in furtherance of an alleged Ponzi scheme. Defendants state they are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations of Paragraph 188 of the Complaint and therefore deny the same.

27
28

189.    Answering Paragraph 189 of the Complaint, Defendants deny the allegations contained therein.

134790744

190.   Answering Paragraph 190 of the Complaint, Defendants deny the allegations contained therein.

191.   Answering Paragraph 191 of the Complaint, Defendants deny the allegations contained therein.

**COUNT XIV**
**11 U.S.C. § 550**
**[Ahern Rentals]**

192.   Paragraph 192 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-191.

193.   Answering Paragraph 193 of the Complaint, Defendants deny the allegations contained therein.

**COUNT XV**
**Disallowance of Claim**
**[Ahern Rentals]**

194.   Paragraph 194 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through 128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-193.

195.   Answering Paragraph 195 of the Complaint, Defendants admit the allegations contained therein.

196.   Answering Paragraph 196 of the Complaint, Defendants deny the allegations contained therein.

197.   Answering Paragraph 197 of the Complaint, Defendants deny the allegations contained therein.

**COUNT XVI**
**Turnover – 111 U.S.C. §542 and other applicable law**
**[Xtreme]**

198.   Paragraph 198 is a paragraph of incorporation to which no response is required. To the extent a response is required, Defendants note the Trustee only incorporates Paragraphs 1 through

23

134790744

128 as through fully stated.  Defendants nevertheless incorporate their answers to the allegations in the Complaint, Paragraphs 1-197.

199.    Answering Paragraph 199 of the Complaint, Defendants admit Xtreme manufactured MSGs for DC Solar. Defendants deny the remaining allegations of Paragraph 199 of the Complaint. the Complaint, Paragraphs 1-193.

200.    Answering Paragraph 200 of the Complaint, Defendants deny the allegations contained therein.

201.    Answering Paragraph 201 of the Complaint, Defendants deny the allegations contained therein.

202.    Answering Paragraph 202 of the Complaint, Defendants deny the allegations contained therein.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof as to any claim, Defendants allege the following Affirmative Defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery so indicates.   In addition, Defendants incorporate by reference all affirmative defenses contemplated by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

### FIRST AFFIRMATIVE DEFENSE

The Trustee lacks standing to asserts some or all of the claims set forth in the Complaint

### SECOND AFFIRMATIVE DEFENSE

The Trustee's Complaint fails to state a claim against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Trustee's Complaint fails to state a claim against Defendants upon which relief can be granted where the Trustee has failed to establish that DC Solar was insolvent at the time of any alleged transfer or was rendered insolvent by any alleged transfer.

### FOURTH AFFIRMATIVE DEFENSE

The Trustee's Complaint fails to state a claim against Defendants upon which relief can be

134790744

granted where DC Solar and Jeff Carpoff were alter egos of each other.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted where Defendants received any alleged transfers in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2).

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted where Defendants received any alleged transfers for value and in good faith pursuant to 11 U.S.C. § 548(c).

### SEVENTH AFFIRMATIVE DEFENSE

To the extent avoidable or otherwise recoverable by the Trustee, Defendants are good faith transferees who received the alleged transfer in satisfaction of a present or antecedent debt without knowledge of the voidability of the transfer sought to be avoided in the Complaint pursuant to 11 U.S.C. § 550(b)(1) or § 550(b)(2).

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are entitled to all rights of setoff and recoupment available under applicable law including 11 U.S.C. § 553.

### NINTH AFFIRMATIVE DEFENSE

The Trustee's claims against Defendants are barred, in whole or in part, based on the failure to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding through Rule 7009 of the Federal Rules of Bankruptcy Procedure.

### TENTH AFFIRMATIVE DEFENSE

The Trustee's claims against Defendants are barred, in whole or in part, by Debtors' actions including but not limited to fraud and/or inequitable conduct, on various bases including but not limited to the doctrines of *in pari delicto* and/or unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the Doctrine of Estoppel.

134790744

1

**TWELTH AFFIRMATIVE DEFENSE**

2

The Trustee's claims are barred by the Doctrine of Waiver.

3

**THIRTEENTH AFFIRMATIVE DEFENSE**

4

The Trustee's claims are barred by the Doctrine of Laches.

5

**FOURTEENTH AFFIRMATIVE DEFENSE**

6

The Trustee's claims are barred by the Doctrine of Unjust Enrichment.

7

**FIFTEENTH AFFIRMATIVE DEFENSE**

8

The Trustee's claims are barred by the applicable statutes of limitation.

9

**SIXTEENTH AFFIRMATIVE DEFENSE**

10

To the extent Defendants received any purported property, they did so in good faith, for value,

11

and without knowledge of the voidability of the transfer.

12

**SEVENTEENTH AFFIRMATIVE DEFENSE**

13

The Trustee's Complaint fails to name necessary and indispensable parties.

14

**EIGHTEENTH AFFIRMATIVE DEFENSE**

15

Subsequent to the subject transfers, Defendants gave new value to or for the benefit of the

16

debtor pursuant to 11 U.S.C. § 547(c)(4).

17

**NINETEENTH AFFIRMATIVE DEFENSE**

18

The subject transfers were intended as a contemporaneous exchange for new value pursuant

19

to 11 U.S.C. § 547(c)(1).

20

**TWENTIETH AFFIRMATIVE DEFENSE**

21

The subject transfers were earmarked for payment to Defendants and therefore, the subject

22

transfers are not avoidable.

23

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

24

Defendants were a mere conduit, and therefore, the subject transfers are not avoidable.

25

**PRAYER FOR RELIEF**

26

WHEREFORE, Defendants pray as follows:

27

1.      The Trustee take nothing by way of the Complaint and the Complaint be dismissed

28

with prejudice;

26

134790744

2.    The Defendants be awarded their full costs and reasonable attorneys' fees incurred herein; and

3.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury in this action on all claims so triable.

Dated this 13th day of June, 2022.

**FOX ROTHSCHILD LLP**

By:*/s/ Mark J. Connot*
        MARK J. CONNOT
        mconnot@foxrothschild.com
        KEVIN M. SUTEHALL
        ksutehall@foxrothschild.com
        COLLEEN E. McCARTY
        cmccarty@foxrothschild.com
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
        Telephone: (702) 262-6899
        Facsimile:  (702) 597-5503
        *Attorneys for Defendants Ahern Rentals, Inc.*
        *and Xtreme Manufacturing, LLC*

134790744

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Fox Rothschild LLP and that on the 13th day of June, 2022, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT WITH NO CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENTS** via the Court's CM/ECF system, as follows:

Jeffrey L. Hartman, Esq.
HARTMAN & HARTMAN
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
notices@bankruptcyreno.com

Michael S. Budwick, Esq. (*pro hac vice*)
Solomon B. Genet, Esq. (*pro hac vice*)
Gil Ben-Ezra (*pro hac vice*)
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
gbenezra@melandbudwick.com

*Attorneys for Plaintiff*
*Christina W. Lovato, Chapter 7 Trustee*

/s/ Doreen Loffredo
An employee of Fox Rothschild LLP

28

134790744