Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, Nevada 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq.
Florida Bar No. 938777 (admitted *pro hac*)
mbudwick@melandbudwick.com
Solomon B. Genet, Esq.
Florida Bar No. 617911(admitted *pro hac*)
sgenet@melandbudwick.com
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re

DOUBLE JUMP, INC.

    Debtor.

CHRISTINA W. LOVATO,

    Plaintiff,

v.

AHERN RENTALS, INC. and XTREME MANUFACTURING, LLC,

    Defendants.

Lead Case No.: BK-19-50102-gs
(Chapter 7)
Substantively Consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

Adversary No.: 22-05001-gs

**TRUSTEE'S MOTION TO STRIKE DEFENDANTS' (1) JURY TRIAL DEMAND; (2) NON-CONSENT TO FINAL ORDERS AND JUDGMENTS; (3) REQUEST FOR FEES AND COSTS; (4) CERTAIN AFFIRMATIVE DEFENSES; AND (5) CERTAIN INADEQUATE RESPONSES [DEFENDANTS' ANSWER, ECF No. 29]**

Hearing:   August 11, 2022
Time:      9:30 a.m.

1

Christina Lovato, the trustee ("**Trustee**") for the substantively consolidated chapter 7 estates of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. (together, "**DC Solar**") files her motion to strike the above-captioned defendants' ("**Defendants**"): (1) jury trial demand; (2) non-consent to this Court's entry of final orders and judgments; (3) claim for fees and costs; (4) certain affirmatives defenses; and (5) certain inadequate responses all in connection with the Defendants' Answer [ECF No. 29]. In support, the Trustee states as follows.

## MEET-AND-CONFER

The Trustee has sought to consensually resolve this matter with the Defendants, including by e-mail on June 24, 2022, without the need for this Court's intervention. The Trustee was unsuccessful. The Trustee intends to continue to try to consensually resolve these matters.

## INTRODUCTION

The Trustee's charge is to efficiently administer the DC Solar bankruptcy estate for the benefit of creditors. The Trustee brings this motion to narrow the scope of the disputes, and to establish that this Court is the trier of fact with authority to enter final orders and judgments.

## SUMMARY OF THE ARGUMENT

Both Defendants filed proofs of claims in the above-captioned Bankruptcy Case, seeking affirmative recoveries from the *res* of the DC Solar bankruptcy estate. *See* Claims No. 2-1 & 29-1 in the Solutions' bankruptcy case & Claims No. 1-1 and 2-1 in Distribution's bankruptcy case (together, the "***POCs***").[1] In doing so, the Defendants submitted this adversary proceeding ("**Adversary Proceeding**") and the parties' disputes to this Bankruptcy Court's equitable jurisdiction, converted the claims from legal to equitable, lost any jury trial right, and consented to final adjudication (orders and judgments) by this Bankruptcy Court.

Also, per Nevada Bankruptcy Court local rules, the Defendants consented to final orders and judgments by this Court by failing to state their non-consent in "the first pleading, motion, or paper" filed in this Adversary Proceeding.

Also, the Defendants have no right to fees and costs (as demanded in their Answer).

---

[1] *See also* Complaint, ¶¶ 160 & 195; Answer, ¶¶ 160 & 195.

Also, this Court should strike certain of the Defendants' affirmative defenses pursuant to F.R.B.P. 7012(f), for a variety of reasons discussed below.

Also, this Court should strike, and require the Defendants to replead, their inadequate responses in their Answer to the Trustee's allegations regarding the transfers sought to be avoided and recovered. Rule 8 requires the Defendants to "admit" or "deny" the allegations, and the Defendants have done neither.

## BACKGROUND

### I. Generally

Jeff Carpoff, DC Solar's senior executive, had a deviant relationship with the Defendants.[2] In connection with that relationship, Carpoff caused DC Solar to transfer more than $33 million to the Defendants within four years of the Petition Date.[3]

On December 18, 2018, law enforcement raided certain Carpoff-affiliated locations.[4] Carpoff has pled guilty to crimes in connection with the "***Carpoff Ponzi Scheme***," *i.e.,* the Ponzi scheme he and others perpetrated through and upon DC Solar from approximately 2011-2018.[5]

### II. The Bankruptcy Case and Nixon's Filing of the Nixon POC

On the Petition Date, DC Solar filed chapter 11 bankruptcy petitions commencing these Bankruptcy Cases.[6] The estates have been substantively consolidated.[7]

Xtreme, through in-house counsel, timely filed its POC under oath in the Solutions bankruptcy case on February 25, 2019. Through its POC, Xtreme seeks an affirmative recovery of $2,310,215.78 from the DC Solar estate. Xtreme states in its POC (part 2 question 8) that the "basis of the claim" is "Goods manufactured and sold." Xtreme completed part 2 question 8 of its POC by attaching evidentiary support pursuant to F.R.B.P. 3001, including (1) its manufacturing agreement with Solutions; (2) multiple invoices; and (3) a pre-petition demand letter by Xtreme's

---

[2] *See generally,* Complaint.
[3] Complaint, ¶¶ 124-26 & Exhibits 1 & 2. "***Petition Date***" shall mean the dates DC Solar filed for bankruptcy protection commencing the "***Bankruptcy Cases***."
[4] Complaint, ¶ 19.
[5] Complaint, ¶¶ 14-18; *U.S.A. v. Carpoff*, 20-00017 (E.D. Ca.).
[6] Complaint, ¶ 21; *see generally*, docket.
[7] Main Case ECF No. 2613.

3

counsel to DC Solar demanding payment.

Ahern Rentals timely filed its POCs under oath in the Solutions and Distribution bankruptcy cases. Through its POCs, Ahern Rentals seeks an affirmative recovery of (at least) $1,589,446.97 from the DC Solar estate. In one of its POCs, Ahern Rentals states (part 2 question 8) that the "basis of the claim" is "non-payment of rental equipment." Ahern Rentals completed part 2 question 8 of that POC by attaching evidentiary support pursuant to F.R.B.P. 3001, including its customer agreement with Distribution and hundreds of pages of invoices.

### III. The Complaint and the Adversary Proceeding

On January 14, 2022, 23 months after the Defendants filed their POCs and in response to their POCs, the Trustee filed her complaint ("*Complaint*") commencing this Adversary Proceeding. The Complaint centers on the transfers made by DC Solar to the Defendants, and the deviant relationship between Carpoff and the Defendants.

The Trustee seeks to: (1) disallow the POCs; (2) avoid and recover fraudulent transfers under 11 U.S.C. §§ 544, 547, 548 & 550; (3) obtain turnover of estate property; and (4) recover in common law for quasi contract seeking restitution as a remedy for unjust enrichment.

In the Defendants' Answer, the Defendants: (1) admit they filed their POCs; and (2) deny that the POCs should be disallowed.[8] Thus, the Defendants continue to allege that they are entitled to recover assets of the DC Solar bankruptcy estate.

In the Defendants' Answer, they assert a right to a trial by jury and (for the first time) state their non-consent to this Court's issuance of final orders and judgments.[9]

In the Trustee's Complaint, she alleges with specificity (transferor, transferee, date, and amount) each transfer she seeks to avoid under different theories.[10] Yet, in the Defendants' Answer, the Defendants neither "admit" nor "deny" those allegations, repeatedly instead admitting that DC Solar made "certain payments" to the Defendants.[11]

---

[8] *See* Complaint & Answer, ¶¶ 159-63 & 194-97.
[9] *See* Answer, pgs. 1, 2, & 27, & ¶ 5.
[10] *See* Complaint, generally, including Exhibits 1 & 2.
[11] *See* Answer, ¶¶ 124-26, 130-31, 137, 140, 144, 147, 151, 166, 172, 175, 184, & 187.

**LAW AND ARGUMENT**

I. **In the Bankruptcy Litigation Context, A Party's Actions May Cause it to Lose Any Right to a Jury Trial**

In the bankruptcy litigation context, a party's right to a jury trial may be waived, lost by converting claims from legal to equitable, or lost through consent.[12] The Supreme Court has "recognized the value of waiver and forfeiture rules in complex cases."[13] This is especially true when the litigant is a sophisticated business represented by sophisticated counsel. *See e.g., Richer v. Morehead*, 798 F.3d 487, 490 (7th Cir. 2015) *citing Wellness*, 575 U.S. 665.

Per Dun & Bradstreet, Ahern Rentals has over 1,500 employees and $500 million in annual revenue and Xtreme has over 130 employees and $120 million in annual revenue.[14] These are large, sophisticated businesses. And, these Defendants have been represented by sophisticated counsel (Fox Rothschild) in this Bankruptcy Case since the R. 2004 stage and earlier – well before the Trustee filed her Complaint commencing this Adversary Proceeding.[15]

II. **The Defendants' Failed to Timely State Their Non-Consent, and Have Therefore Consented to this Court's Entry of Final Orders and Judgments**

Nevada Bankruptcy Court Local Rule 7012 reads as follows:

LR 7012. RESPONSIVE PLEADING CONSENT TO ENTRY OF FINAL ORDER OR JUDGMENT.
In addition to statements required by Fed.R.Bankr.P. 7012(b), in an adversary proceeding or contested matter, <u>the first responsive pleading, motion, or paper must</u> contain a statement that the pleader does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. <u>Failure to do so constitutes consent to the matter being heard and final orders or judgment being entered by the bankruptcy court</u>.

---

[12] *See e.g., Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015) ("Adjudication based on litigant consent has been a consistent feature of the federal court system since its inception."); *Langenkamp v. Culp*, 498 U.S. 42 (1990); *In re Smith*, 389 B.R. 902, 916 (Bankr. D. Nev. 2008) (citing cases); *Cf. In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) ("It is clear that a state may waive its sovereign immunity by filing a proof of claim in a bankruptcy proceeding, thus voluntarily invoking the jurisdiction of the federal courts.").
[13] *Stern v. Marshall*, 564 U.S. 462, 481 (2011).
[14] Compl., ¶¶ 2 & 3.
[15] *See e.g.,* ECF Nos. 360, 571, 1884, & 1915; Xtreme POC, Part 4 (January 23, 2019 letter from Fox Rothchild on Xtreme's behalf to DC Solar demanding payment).

5

(emphasis added); *see also* Nevada Bankruptcy Court L.R. 7008.

In this Adversary Proceeding, the Defendants filed three items which constitute a "motion" or "paper" prior to filing their Answer: (1) their motion to dismiss [ECF No. 6]; (2) their reply in support of their motion to dismiss [ECF No. 14]; and (3) their Joinder in King Solarman, Inc.'s Response to Trustee Lovato's Third Supplement to Status Report [ECF No. 28]. The Defendants did <u>not</u>, in any of these three filings, state their non-consent to the entry of final orders by this Court.[16] The Defendants' "[f]ailure to do so constitutes consent to the matter being heard and final orders or judgment being entered by the bankruptcy court." Multiple courts have enforced similar bankruptcy court local rules.[17]

### III. The Defendants' Filing of Their POCs Is Analogous to - And Exceeds - the Defendants' Filing of a Complaint against the Bankruptcy Estate

By filing their POCs, the Defendants "asserted a right to bankruptcy estate assets."[18] The Defendants' POCs are analogous to filing a civil complaint against the bankruptcy estate, and the Trustee's Complaint is analogous to an answer and counterclaim.[19]

But "[f]iling a proof of claim is not merely a series of allegations based on information and belief, which if true, might support the relief requested (such as when filing a complaint). The filing of a proof of claim is much more significant and the statements therein are provided with, and subject to, higher standards."[20]

The Defendants' POCs exceed a simple complaint because each: (1) was sworn-to, akin to

---

[16] In their motion to dismiss [ECF No. 6, n.2], the Defendants incorrectly recite that they only need to state their consent or non-consent in a "responsive pleading," citing F.R.B.P. 7012(b). This ignores the plain and mandatory language of the local rules.
[17] *See e.g., In re Millennium Lab Holdings II, LLC*, 575 B.R. 252, 290 n. 173 (Bankr. D. Del. 2017), aff'd, 591 B.R. 559 (D. Del. 2018), aff'd sub nom. 945 F.3d 126 (3d Cir. 2019); *In re Cole*, 2017 WL 486920, *2 (Bankr. W.D.N.C. Feb. 6, 2017); *In re Perkins*, 533 B.R. 242, 249 (Bankr. W.D. Mich. 2015).
[18] *In re Legendary Field Exh., LLC*, 2020 WL 211409, *4 (Bankr. W.D. Tex. Jan. 13, 2020).
[19] *In re Brosio*, 505 B.R. 903, 912 (B.A.P. 9th Cir. 2014) (citing cases).
[20] *In re Borre*, 2019 WL 1012788, *12 (Bankr. E.D. Cal. Mar. 1, 2019); *see also Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987) ("The filing of the proof [of claim] invokes the special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution.").

a verified complaint;[21] and (2) attached documentary support, satisfying each's prima facie burden to prove the validity and amount.[22] The Defendants used the Bankruptcy Rules (F.R.B.P. 3001) to secure an evidentiary presumption of entitlement to recovery from the estate, shifting the burden to the Trustee.[23] And the Defendants used the Bankruptcy Code to secure allowance of the Nixon POC, unless and until objected-to. 11 U.S.C. § 502(a).

### IV. The Defendants' Filing of Their POCs Seeking Bankruptcy Estate Assets Comes with Consequences

It is well-established that the Defendants, having sought bankruptcy estate assets by filing their POCs, must accept the consequences of that decision. *See Katchen v. Landy*, 382 U.S. 323, 332, n.9 (1966) ("[H]e who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure.") (notations omitted); *In re Levoy*, 182 B.R. 827, 832 (B.A.P. 9th Cir. 1995) ("A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences.") (quotations omitted); *In re PNP Holdings Corp.,* 184 B.R. 805, 807 (B.A.P. 9th Cir. 1995), aff'd, 99 F.3d 910 (9th Cir. 1996) ("A creditor cannot reasonably expect to invoke those portions of the bankruptcy code that allow it to recover on its claims and yet avoid the legal effect of other sections that do not work in its favor.") (citing cases); *Maring v. PG Alaska Crab Inv. Co., LLC*, 2007 WL 9775428, *5 (W.D. Wash. Oct. 2, 2007) ("Although this result may seem to create a Hobson's Choice for PGA—submit proofs of claim and lose jury trial right, or do not submit proofs of claim and be barred from collecting the debt or a pro rata share of the bankruptcy estate— the U.S. Supreme Court has repeatedly held that this is the choice a creditor makes when deciding whether to voluntarily involve itself in a bankruptcy proceeding. *See Langenkamp*, 498 U.S. at 44; *Granfinanciera*, 492 U.S. at 58; *Katchen*, 382 U.S. at 336–37."); *In re Hawaii Island Air, Inc.*, 2020 WL 2769039, *2 (Bankr. D. Haw. May 27, 2020) ("As such, creditors are presented with a difficult choice: submit proof of claim and lose jury trial right, or do not submit proofs of claim and be barred from collecting the debt or a pro rata share of the bankruptcy estate.").

---

[21] *In re Heath*, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005) (citing cases).
[22] F.R.B.P. 3001(f); *Garner*, 246 B.R. at 622.
[23] *Id*. at 620 & 622.

**V.     There is no Jury Trial Right and This Bankruptcy Court Enters Final Orders for Matters: (1) Related to The Claims Allowance Process; or (2) Submitted / <u>Consented to the Bankruptcy Court's Jurisdiction</u>**

A.  <u>Claims Allowance Process</u>

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the Supreme Court set forth a 3-part test to determine whether a party is entitled to a jury trial in bankruptcy litigation. First, a court compares the action to those prior to the merger of the courts of law and equity. Second, the court examines whether the remedy sought is legal or equitable. Third, if these factors indicate that a party is entitled to a jury trial, the court determines whether Congress has assigned resolution to a non-Article III adjudicative body that does not use a jury as fact finder, *i.e.,* if the claim is based on a public, rather than private, right. A claim is a matter of public right if it is "part of the process of allowance and disallowance of claims." *Id.* at 58. Importantly, "*Granfinanciera* turns on whether a proof of claim is filed against a bankruptcy estate" - the dollar amount is irrelevant.[24]

*Langenkamp v. Culp*, 498 U.S. 42 (1990) soon followed, ruling that a creditor's filing of a proof of claim invokes the bankruptcy court's equitable jurisdiction over the creditor's right to participate in the distribution of the estate, *i.e.,* the claims-allowance process. Thus, the claimant forfeits any right to a jury trial for fact finding on the merits, whether in prosecution of the creditor's claim or if it is met with a counterclaim to recover a preference by the estate.

The Nevada Bankruptcy Court, quoting the Ninth Circuit Court of Appeals and citing to the Supreme Court, stated the well-established rule as follows:

> **When a creditor submits to bankruptcy court jurisdiction by filing a proof of claim in order to collect all or a portion of a debt, it assumes certain risks**. For example, **the creditor loses the right to a jury trial** on any counter-claims filed by the debtor or the trustee. *See Langenkamp*, 498 U.S. at 44–45 []. In addition, the creditor loses previously-held rights to assert "legal claims" against the debtor and his estate; bankruptcy "converts the creditor's legal claim into an equitable claim

---

[24] *In re NW Terr. Mint, LLC,* 2017 WL 568821, *4 (W.D. Wash. Feb. 13, 2017) ("Plaintiff provides no authority showing that it can evade this rule … by omitting dollar amounts from[] the proof of claim. The Court declines to adopt such a rule."); *Travellers Int'l AG v. Robinson*, 982 F.2d 96, 100 (3d Cir. 1992) ("Where, as in this case, a creditor has filed a claim, even though the claim is couched in protective language and is contingent, that creditor has submitted to the bankruptcy court's equitable jurisdiction and waived any Seventh Amendment right to a jury trial.").

8

to a pro rata share of the res." *Katchen*, 382 U.S. at 336 [].[25]

B. <u>Consent to the Bankruptcy Court's Jurisdiction by Filing a Proof of Claim</u>

In *Wellness*, the Supreme Court ruled that Article III to the Constitution permits bankruptcy courts to finally adjudicate *Stern* claims, *i.e.,* claims designated for final adjudication in the bankruptcy court as a statutory matter but prohibited as a constitutional matter, with the parties' consent. 575 U.S. 665. Relying on *Wellness*, the Ninth Circuit ruled in accord with long-standing law that a creditor's proof of claim constitutes that consent. *See In re EPD Inv. Co., LLC*, 821 F.3d 1146, n.2 (9th Cir. 2016) ("Poshow filed a proof of claim on behalf of the trust and has, accordingly, consented to bankruptcy court jurisdiction."); *see also S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("[T]he parties may consent to jurisdiction through … filing a proof of claim in a bankruptcy proceeding …); *In re MacGibbon*, 2006 WL 6810964, *9 (B.A.P. 9th Cir. Oct. 4, 2006) ("Once a creditor files a proof of claim, he voluntarily submits himself to the core jurisdiction of the bankruptcy court."); *see also Picard v. Greiff*, 617 B.R. 198, 206 (S.D.N.Y. 2020) ("Even if, under *Stern*, the Greiff Action did not implicate the claims allowance process, the bankruptcy court has constitutional authority to enter final judgment in the Greiff Action based on the separate and independent ground of Defendant's implied consent.").

A party filing a proof of claim consents to final adjudication by the bankruptcy court and loses any right to demand a jury trial.[26]

C. The Bankruptcy Court's Equitable Jurisdiction Is Exclusive When Invoked by a Creditor's Filing of a Proof of Claim

The bankruptcy court's jurisdiction is exclusive when invoked by a creditor's filing of a proof of claim. *See Zinnerman v. Taylor-Wharton Cryogenics, LLC*, 2017 WL 5178795, *4 (S.D. Ala. Nov. 8, 2017) ("The Supreme Court's holdings in *Granfinanciera* and *Langenkamp* leave no doubt that the equitable jurisdiction of the bankruptcy court is exclusive when its jurisdiction has

---

[25] *In re Smith*, 389 B.R. 902, 916 (Bankr. D. Nev. 2008) (emphasis added) *quoting Hong Kong and Shanghai Banking Corp., Ltd. v. Simon*, 153 F.3d 991, 997 (9th Cir.1998).

[26] *See e.g., In re Pro. Facilities Mgmt. Inc.,* 2015 WL 6501231, *9 (Bankr. M.D. Ala. Oct. 27, 2015) (after finding that the counterclaim was akin to a proof of claim as it sought an affirmative recovery from the estate, "Sleepy's consented to final adjudication by this Court, and waived its right to a jury trial, by filing a counterclaim against the bankruptcy estate …").

been invoked by the filing of a claim.").[27]

### VI. The Trustee's Disallowance Claims

The Defendants have no jury trial right on the Trustee's claims to disallow the POCs, and this Bankruptcy Court issues final orders and judgments.[28]

### VII. The Trustee's Turnover Claim

Xtreme has no jury trial right on the Trustee's claim for turnover, and this Bankruptcy Court issues final orders and judgments.[29]

### VIII. The Trustee's Avoidance Claims

In *Langenkamp*,[30] the Supreme Court ruled that no jury trial right exists where a trustee brings an action to recover a preference against a party that filed a proof of claim. The same is true where a trustee brings an action for fraudulent transfer. *See In re GYPC, Inc.*, 2021 WL 5016129, *3 (Bankr. S.D. Ohio Oct. 25, 2021) ("Avoidance claims always implicate the claims allowance process because the trustee must avoid the transfer to recover against the defendant-creditor to disallow the defendant-creditor's claim under Bankruptcy Code § 502(d)."); *In re Hawaii Island Air, Inc.*, 2020 WL 2769039, *2 (Bankr. D. Haw. May 27, 2020) ("[A]djudicating the avoidance claims bears directly on the allowance of the creditor's claims asserted in the proof of claim, and the claimant has no jury trial rights.").[31]

---

[27] *Quoting In re Sea Island Cotton Trading,* 2000 WL 33952877, *1 (S.D. Ga. Jul. 25, 2000) citing Travellers Int'l AG. v. Robinson*, 982 F.2d 96, 100 (3rd Cir. 1992); *see also Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1068-69 (9th Cir. 2010) (by filing a proof of claim, the party in non-debtor litigation submitted to the bankruptcy court's exclusive jurisdiction over the subject matter of the proof of claim).
[28] 28 U.S.C. § 157(b)(2)(B), (C), (F), (H), and (O); *In re McClelland*, 332 B.R. 90, 95 (Bankr. S.D.N.Y. 2005).
[29] 28 U.S.C. § 157(b)(2)(C) & (E); *Braunstein v. McCabe*, 571 F.3d 108, 115 (1st Cir. 2009).
[30] 498 U.S. 42.
[31] *See also Picard, Tr. for Liquidation of Bernard L. Madoff Inv. Sec. LLC v. Greiff*, 617 B.R. 198, 204-05 (S.D.N.Y. 2020) (due to 11 U.S.C. §502(d), a claim for fraudulent transfer "is part of the claims allowance process") (citing cases); *In re Omni Cap. Grp., Ltd.*, 163 B.R. 607, 608 (Bankr. S.D. Fla. 1994) ("[T]here is no discernible difference between a preference action and a fraudulent conveyance action, and indeed the Supreme Court in *Granfinanciera* referred to them interchangeably. [Cite]. Nor is there any difference between a fraudulent conveyance action under § 548 of the Bankruptcy Code, or under Florida statutes by virtue of § 544(b)").

The Trustee seeks to avoid and recover transfers to the Defendants per 11 U.S.C. §§ 544, 547, 548, and 550. And the Trustee seeks disallowance of the POCs pursuant to 11 U.S.C. § 502(d), implicating the claims-allowance process.[32] Accordingly, the Defendants have no jury trial right on the Trustee's avoidance claims. Also, the Defendants have consented to final orders by and before this Bankruptcy Court.[33]

### IX. The Trustee's Common Law Claim

The Trustee asserts a single common law claim against Ahern Rentals for Quasi-Contract Seeking Restitution as Remedy for Unjust Enrichment (Count VI).

"It is well settled that a creditor consents to jurisdiction over related counterclaims by filing a proof of claim." *PNP,* 184 B.R. at 806. The bankruptcy court's "power to allow or disallow claims includes full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a ... claim against the estate is based. This is essential to the performance of the duties imposed upon it." *Katchen*, 382 U.S. at 329 (quotations omitted).

In *In re G.I. Indus.,* 204 F.3d 1276, 1280 (9th Cir. 2000), the Ninth Circuit considered the scope of a bankruptcy court's equitable jurisdiction where a claimant filed a proof of claim attaching its agreement with the debtor (like Ahern Rentals did here). The Ninth Circuit held that "[b]y filing the proof of claim, [the claimant] voluntarily subjected the agreement to the bankruptcy court's jurisdiction [] because the agreement is an integral component of the bankruptcy court's consideration of [the claimant's] claim."[34] The Ninth Circuit ruled that its conclusion aligns with F.R.B.P. 3001, which makes an evidentiarily supported proof of claim prima facie evidence of its validity and amount. After all, the bankruptcy court must measure the evidence attached to the claim to perform its essential job of determining claim (dis)allowance.[35] *See also Ta Chong Bank*

---

[32] *See e.g.*, Complaint, ¶¶ 161 & 196.
[33] 28 U.S.C. § 157; *Wellness*, 575 U.S. 665.
[34] 204 F.3d at 1280.
[35] *Id.* ("Under Bankr. Rule 3001, a creditor filing a proof of claim must attach a copy of the underlying contract to establish prima facie evidence of the validity of the contract. This requirement would be meaningless unless the bankruptcy court's jurisdiction extended to consideration of the underlying contract supporting the claim. In other words, a bankruptcy court can only consider an objection to a claim and thus overcome the presumption of its validity by examining the contract itself and the circumstances surrounding its formation.").

*Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1068 (9th Cir. 2010) ("[I]f the creditor submits an agreement with its proof of claim to provide evidentiary support of the claim, then that agreement is subject to the bankruptcy court's jurisdiction."); *PNP*, 184 B.R. at 806 (citing to the Ninth Circuit for the proposition that "where a proof of claim is filed affirmatively seeking relief from the bankruptcy court, the party has consented to jurisdiction for judgment on a counterclaim arising out of the same contract."); *Maring*, 2007 WL 9775428, *2 ("When a proof of claim based on a contract is filed, it necessarily follows that the bankruptcy court has authority to examine the contract itself and the circumstances surrounding its formation to determine whether to allow or disallow the claim against the estate.").

This is perfectly in accord with Ninth Circuit law that "[o]ne who seeks relief or remedy from the bankruptcy court has by necessary implication asked that court to exercise jurisdiction to the extent necessary to entertain his claim <u>and any defense to it that may be interposed by the trustee</u>." *In re Kirchoff Frozen Foods, Inc.*, 496 F.2d 84, 86 (9th Cir. 1974) (emphasis added); *see also In re CBI Holding Co., Inc.*, 529 F.3d 432, 461 & 466-67 (2d Cir. 2008) ("As defenses to E&Y's fees claim [against the estate], these [estate] claims also directly affect the allowance of that claim.").

Here, Ahern Rentals filed its POCs to obtain an affirmative financial recovery from the DC Solar estate, placing the inquiry into its business relationship with DC Solar (including the value and benefit given and received) before this Bankruptcy Court for adjudication.[36] Ahern Rentals swore to the truth of its POCs, making them akin to a verified complaint. Ahern Rentals attached evidentiary support (the customer agreement and many invoices, for the Court's inquiry) pursuant to F.R.B.P. 3001 to obtain a presumption of entitlement and amount. Ahern Rentals' POCs were allowed until objected-to under 11 U.S.C. § 502. Ahern Rentals chose to use the Bankruptcy Rules and Code for its own benefit and chose the Bankruptcy Court as the adjudicator of whether it is entitled to money *from* the estate or must pay money *to* the estate. Ahern Rentals cannot now change its mind and escape the consequences of its actions.

---

[36] *See generally Jordan v. Wonderful Citrus Packing LLC*, 2018 WL 4350080, *3-4 (E.D. Cal. Sept. 10, 2018) (discussing the elements of this cause of action).

The Trustee's claim seeking recovery under principles of quasi contract to address Ahern Rentals' unjust enrichment is inextricably intertwined with and factually and legally related to Ahern Rentals' POC. To adjudicate Ahern Rentals' entitlement to estate assets, this Court must consider Ahern Rentals' business relationship with DC Solar and the agreements, benefit, and value given and received in connection with same. These are all part of the Trustee's claim, Ahern Rentals' potential defenses, Ahern Rentals' POCs (*i.e.,* its claims), and the Trustee's defenses. Indeed, Ahern Rentals' "customer agreement" with DC Solar and many invoices – all attached to its POC – identifies: (1) DC Solar; (2) Efficient Energy; (3) Evan Ahern; and (4) hundreds (if not more) of MSGs. Ahern Rentals has placed these matters and inquiry into them before this Bankruptcy Court as the trier of fact and for final decision.

Resolution of the Trustee's Complaint bears directly on the claims-allowance process for which there is no Seventh Amendment right to a jury trial and for which Ahern Rentals has consented to this Court's entry of final orders. The Trustee's common law claim is fully intertwined with Ahern Rentals' POC and claim for recovery - all are based on the same operative relationship, facts, people, and agreement.

Ahern Rentals consented and submitted to this Bankruptcy Court's equitable jurisdiction and chose this Bankruptcy Court as the fact finder and final decision-maker for this entire dispute.

### X. This Court Should Strike the Defendants' Claim for Fees

In their Answer, the Defendants' Prayer for Relief requests that they "be awarded their full costs and reasonable attorneys' fees incurred herein." ECF No. 29, pg. 27. The Defendants have no right to this relief, and it should be stricken per F.R.B.P. 7012(f).[37]

The American Rule denies attorney's fees to a litigant in federal court in the absence of a right by contract, statute, or other exceptional circumstances; in the Ninth Circuit, exceptions to the American Rule are "narrowly circumscribed." *Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763, 765 (9th Cir. 1984). The Defendants have not identified any basis for their request. And nothing in the Bankruptcy Code provides for an attorney's fees award in the defense of an

---

[37] *Volman v. Sony BMG Music Ent.*, 2008 WL 11338008, *1 (C.D. Cal. July 17, 2008) (citations omitted).

avoidance claim under Sections 544, 547, 548, or 550.[38]

### XI.  This Court Should Strike Certain of the Defendants' Affirmative Defenses[39]

The purpose of a motion to strike is to avoid spending time and money litigating spurious issues. F.R.B.P. 7012(b) authorizes a court to strike from a pleading "an insufficient defense."[40]

The Defendants assert 21 affirmative defenses and reserve the right to assert more. [ECF No. 29, pgs. 24-26]. The Defendants do not tie any of their affirmative defenses to any specific claim (count or cause of action) asserted by the Trustee.

<u>Defendants' Preamble</u>: *First*, the Defendants reserve the right to assert further affirmative defenses: this is improper. "A reservation of rights to assert additional defenses is neither appropriate under the Federal Rules of Civil Procedure nor an affirmative defense."[41]

*Second*, the Defendants "incorporate by reference all affirmative defenses contemplated by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure." This is unfair and absurd. This fails notice pleading (as explained below) and should be stricken.

<u>First Affirmative Defense</u>: The Defendants challenge the Trustee's standing. This Court has already rejected the Defendants' challenge to the Trustee's standing. [ECF Nos. 13, 22 & 25].

---

[38] Nor are attorney's fees available to the Defendants under applicable state law, even if applicable per Section 544. *See* Cal.C.C.P. § 1021; *330 S. Fair Oaks Ave., LLC v. De La Flor*, 2015 WL 4608625, *3 (Cal. Ct. App. Aug. 3, 2015).

[39] In the Trustee's response to the Defendants' motion to dismiss, the Trustee explained that while she was not seeking sanctions in that motion for the Defendants' frivolous arguments and improper strategy, she reserved the right to do so if the Defendants' strategy was repeated. [ECF No. 13, n.1]. The Defendants did not withdraw their arguments (on standing and Unclean Hands / *in pari delicto*), tripling-down in their reply [ECF No. 14, pgs. 6-9] and at oral argument. [ECF No. 25]. And yet, after this Court rejected those arguments [ECF Nos. 22 & 25], the Defendants make the very same arguments again as affirmative defenses. [ECF No. 29, 1st and 10th Affirmative Defenses, pgs. 24 & 25]. Defendants have repeated their frivolous positions, and seek to wrongly multiply these proceedings. Again, the Trustee does not now seek sanctions. But she reserves this right to do so in the future. *See generally In re BCB Contracting Servs., LLC*, 2022 WL 1198232 (B.A.P. 9th Cir. Apr. 21, 2022).

[40] Incorporating F.R.C.P. 12(f).

[41] *MetroPCS v. A2Z Connection, LLC*, 2019 WL 1244690, *5 (D. Nev. Mar. 18, 2019); *F.T.C. v. Johnson*, 2013 WL 4039069, *4 (D. Nev. Aug. 5, 2013) (citing cases).

Plus, challenging the plaintiff's standing is not an affirmative defense.[42] It should be stricken.

Second Affirmative Defense: The Defendants assert that the Trustee fails to state a claim upon which relief can be granted. This is not an affirmative defense,[43] and this Court has already overruled the Defendants' Rule 12 motion to dismiss. It should be stricken.

Eighth Affirmative Defense: The Defendants assert the affirmative defenses of setoff and recoupment; neither is applicable, and they should be stricken.[44]

Tenth Affirmative Defense: The Defendants challenge the Trustee's claims based on Unclean Hands a/k/a *in pari delicto*.[45] This Court has already rejected the Defendants' arguments for all but one of the Trustee's claims (which is only asserted against Ahern Rentals), and for the reasons stated in the Trustee's response to the Defendants' motion to dismiss and this Court's Order [ECF Nos. 13, 22 & 25], this defense is inapplicable to the Trustee's avoidance claims and this Court should strike this defense (other than as to the one common law claim).

Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Seventeenth, Twentieth, and Twenty-First Affirmative Defenses: The Defendants, in these 8 affirmative defenses, do nothing more than state a legal doctrine ("Estoppel," "Waiver," "Laches," "Unjust Enrichment," "statute of limitation," "necessary and indispensable parties," "earmark[]," and "mere conduit"). Affirmative defenses must "give plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979). Here, these affirmative defenses – which are bare-bones, conclusory, and limited to reference to a legal doctrine – come nowhere close to providing the plaintiff with "fair notice." *See e.g., Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, 2011 WL 3809933, *2 (C.D.

---

[42] *See e.g., J & J Sports Prods., Inc. v. Vizcarra*, 2011 WL 4501318, *2 (N.D. Cal. Sept. 27, 2011) ("Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law.").

[43] *See e.g., Perez v. Gordon & Wong L. Grp., P.C.,* 2012 WL 1029425, *11 (N.D. Cal. Mar. 26, 2012) (striking defendant's affirmative defenses of failure to state a claim and lack of standing because they are not affirmative defenses).

[44] *See In re Acequia, Inc*., 34 F.3d 800, 817 (9th Cir. 1994) (setoff); *In re Essential Fin. Educ., Inc*., 629 B.R. 401, 451 (Bankr. N.D. Tex. 2021) (setoff); *In re Trace Int'l Holdings, Inc*., 289 B.R. 548, 562 (Bankr. S.D.N.Y. 2003) ("Because it is an equitable remedy, recoupment is not generally available as a defense to a trustee's fraudulent transfer claim.").

[45] *In re Delano Retail Partners, LLC*, 2014 WL 4966476, *5 (Bankr. E.D. Cal. Sept. 29, 2014) ("California law treats the in pari delicto doctrine as part of the doctrine of 'unclean hands.'").

Cal. Aug. 25, 2011) ("Here, Defendant's Answer and Counterclaim fails to set forth any facts with respect to this alleged waiver. As such, the Court finds that this affirmative defense is a mere reference to a legal doctrine and is insufficient to give Plaintiff fair notice of the alleged acts giving rise to this defense."). They should be stricken.

Equitable Defenses. Many of the Defendants' affirmative defenses are equitable defenses.[46] Courts generally "do not recognize state law equitable defenses to actions to avoid preferential transfers under [§] 547 and fraudulent transfers under § 548." *In re Equip. Acquisition Res., Inc.*, 2012 WL 4754949, *4 (Bankr. N.D. Ill. Sept. 28, 2012) (quotations omitted); *see also In re Liu*, 611 B.R. 864, 880 (B.A.P. 9th Cir. 2020) ("[T]here are no exceptions or defenses to avoidance of preferences other than those specified in the statute.") (citing cases). Save one count, the Trustee has brought solely statutory claims for which the defenses are explicitly identified in the statute. All equitable defenses to the Trustee's avoidance claims should be stricken.

**XII.    This Court Should Strike Certain of the Defendants' Inadequate Responses**

F.R.C.P. 12, made applicable by F.R.B.P. 7012(b), governs how a party must respond to a pleading, and permits the Defendants to either "admit or deny" the allegations asserted by the Trustee in her Complaint. In the interests of efficiency, the Trustee only seeks to strike – and requests that this Court direct the Defendants to provide adequate responses – the Defendants' responses regarding the Trustee's allegations of the transfers she seeks to avoid and recover (the "*Transfers*") in this Adversary Proceeding.[47]

In the Trustee's Complaint, the Trustee alleged the Transfers with specificity, including (1) transferor; (2) transferee; (3) date; and (4) amount. In each of the Trustee's avoidance counts, she explicitly narrows and identifies which of the Transfers are at issue. Yet, the Defendants repeatedly, and only, respond by admitting that "DC Solar made *certain payments* to" the Defendants.[48] (emphasis added). This is improper and inadequate.

Rule 8(b)(2) states that the Defendants may only "admit or deny" the Trustee's allegations.

---

[46] Affirmative Defense Nos. 8, 10-14, 21.
[47] *See generally* Complaint and Exhibits 1 & 2.
[48] *See* Answer, ¶¶ 124-26, 130-31, 137, 140, 144, 147, 151, 166, 172, 175, 184, & 187.

There is no other option.[49] The Defendants fail to comply with this simple directive, made even more appropriate here, where the crux of the Trustee's suit is for avoidance and recovery of these very Transfers. The Defendants' responses should be stricken and they should be directed to respond in accordance with Rule 8, either admitting or denying the Trustee's specific allegations regarding the Transfers.

## CONCLUSION

Respectfully, the Trustee's requested relief should be granted.

DATED: July 1, 2022.

**HARTMAN & HARTMAN**

/s/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
*Attorney for Plaintiff Christina W. Lovato*

**MELAND BUDWICK, P.A.**

/s/ Solomon B. Genet
Michael S. Budwick, Esq.
Solomon B. Genet, Esq.
*Attorneys for Plaintiff Christina W. Lovato*

---

[49] *See e.g., Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, 2015 WL 5730662 (N.D. Ind. Sept. 30, 2015); *Joseph v. Ford Motor Co.*, 2009 WL 10680506 (E.D. Mich. Sept. 30, 2009) (Options afforded under this Rule should not exceed: admit, deny, or lack information to form a sufficient belief.").

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2022, I caused to be served the above-named document as indicated below:

✔ a. Via ECF to:

ALEXANDER E. BRODY     abrody@melandbudwick.com
ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
mrbnefs@yahoo.com
MICHAEL S. BUDWICK     mbudwick@melandbudwick.com
ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
MARK J. CONNOT    mconnot@foxrothschild.com dloffredo@foxrothschild.com
SOLOMON B. GENET     sgenet@melandbudwick.com
ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
JEFFREY L. HARTMAN      notices@bankruptcyreno.com abg@bankruptcyreno.com
CHRISTINA W. LOVATO     trusteelovato@att.net NV26@ecfcbis.com

✔ b. Direct Email to:

Mark J. Connot, Esq.
Kevin M. Sutehall, Esq.
Colleen E. McCarty, Esq.
mconnot@foxrothschild.com
ksutehall@foxrothschild.com
cmccarty@foxrothschild.com

✔ c. Via Mail Service: Regular, first-class United States mail, postage fully pre-paid, addressed to:

Ahern Rentals, Inc.
1401 Mineral Ave.
Las Vegas, NV 89106

Xtreme Manufacturing, LLC
8350 Eastgate Rd.
Henderson, NV 89015

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 1, 2022.

                                        */s/ Solomon B. Genet*
                                        Solomon B. Genet, Esq.