MARK J. CONNOT (10010)
COLLEEN E. McCARTY (13186)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Ls Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile:  (702) 597-5503
mconnot@foxrothschild.com
cmccarty@foxrothschild.com
*Attorneys for Ahern Rentals, Inc. and Xtreme Manufacturing, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.,

Debtor.

☒ Affects Double Jump, Inc.
☒ Affects DC Solar Solutions, Inc.
☒ Affects DC Solar Distribution, Inc.
☒ Affects DC Solar Freedom, Inc.

CHRISTINA W. LOVATO, Trustee,

Plaintiff,

v.

AHERN RENTALS, INC. and XTREME MANUFACTURING, LLC,

Defendants.

Lease Case No. BK-19-50102-gs
(Chapter 7)
Substantively consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

Adversary No.: 22-05001-GS

**DEFENDANTS' RESPONSE TO TRUSTEE'S MOTION TO STRIKE DEFENDANTS' (1) JURY TRIAL DEMAND; (2) NON-CONSENT TO FINAL ORDERS AND JUDGMENTS; (3) REQUEST FOR FEES AND COSTS; (4) CERTAIN AFFIRMATIVE DEFENSES; AND (5) CERTAIN INADEQUATE RESPONSES [DEFENDANTS' ANSWER ECF NO. 29]**

Hearing Date: August 11, 2022
Hearing Time: 9:30 A.M.

Defendants Ahern Rentals, Inc. ("Ahern") and Xtreme Manufacturing, LLC ("Xtreme," or collectively with Ahern, "Defendants") hereby submit their Response to the Trustee's Motion to Strike Defendants' (1) Jury Trial Demand; (2) Non-Consent to Final Orders and Judgments; (3)

136280593

Request for Fees and Costs; (4) Certain Affirmative Defenses; and (5) Certain Inadequate Responses [the "Motion to Strike"; ECF No. 33]. In support, Defendants state as follows:

## INTRODUCTION

The Trustee's Motion to Strike seeks sweeping relief with respect to the Defendants' relatively simple Answer filed in response to the Trustee's Complaint seeking the recovery of alleged transfers in the amount of $33,098,817.36. The Trustee's aggressive litigation tactics appear designed to browbeat Defendants into submission on the Trustee's creative, yet meritless, claims. Nevertheless, Defendants are willing to relent on various of the Trustee's requests in the Motion to Strike, while contesting others. Specifically, Defendants agree to withdraw their demand for a jury trial and consent to this Court's entry of final orders and judgments, but Defendants assert that the Trustee is not entitled to the other requested relief in the Motion to Strike.

## ARGUMENT

**I. DEFENDANTS WITHDRAW THEIR DEMAND FOR A JURY TRIAL AND CONSENT TO THIS COURT'S ENTRY OF FINAL ORDERS AND JUDGMENTS.**

Although Defendants maintain that their original demand for a jury trial was appropriate, Defendants hereby withdraw their demand for a jury trial and consent to this Court's entry of final orders and judgments.

**II. DEFENDANTS ARE ENTITLED TO REQUEST THEIR ATTORNEYS' FEES AND COSTS IN THIS ACTION.**

The Trustee seeks to strike Defendants' request in their Prayer for Relief set forth in their Answer [ECF No. 29] that Defendants "be awarded their full costs and reasonable attorneys' fees incurred herein." As the Trustee acknowledges, the American Rule allows for recovery of attorneys' fees by a litigant when a contract allows for such recovery. Motion to Strike p. 13 (citing *Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763, 765 (9th Cir. 1984). Here, Defendants' contracts with the Debtor specifically allow for recovery of attorneys' fees, and the contracts were attached to the proofs of claim that the Trustee seeks to disallow in the Complaint.

Each of Ahern and Xtreme's contracts with the debtor entities entitle the respective creditor to recover attorneys' fees:

2

136280593

a)   Debtor DC Solar Solutions, Inc. ("Solutions") executed and delivered that certain Credit Application/Customer Agreement dated August 8, 2013 (the "Ahern/Solutions Agreement") to Ahern. A copy of the Ahern/Solutions Agreement is attached to Proof of Claim 2-1 in the Solutions case.

  a. Section 1(c) of the Ahern/Solutions Agreement provides that Solutions and guarantor, "jointly and severally, hereby agree to pay any and all fees and costs, including attorneys' fees . . . incurred by Ahern in enforcing the terms and provisions of this Agreement and/or in collecting any money owed to Ahern."

  b. Section 1(e) of the Ahern/Solutions Agreement provides that Solutions "shall, to the fullest extent permissible by law, defend, indemnify and hold harmless Ahern, its employees and agents, from and against any and all losses, liabilities, damages, injuries, claims, demands, and costs and expenses of every character whatsoever including reasonable attorneys' fees, associated with the use or rental of Ahern's equipment or vehicles."

b)   Solutions also entered into that certain Manufacturing Agreement with Xtreme dated November 11, 2014 (the "Xtreme/Solutions Agreement"). A copy of the Xtreme/Solutions Agreement is attached to Proof of Claim 29-1 in the Solutions case. Section K of the Xtreme/Solutions Agreement provides that Solutions "shall defend, indemnify and hold Xtreme [and affiliates] harmless from any and all claims, demands, liabilities, actions, suits, proceedings, losses, injuries, death including damages, judgments, expenses and/or costs (including without limitations reasonable attorneys' fees and related costs) based on or arising out of . . . (iv) any claims or demands based upon [Solution's] violation or alleged violation of any federal, state, or local laws or regulation . . . or (v) any claims or demands arising out of a breach of the terms and conditions of this Agreement."

c)   Debtor DC Solar Distribution, Inc. ("Distribution") executed and delivered that certain Credit Application/Customer Agreement dated March 24, 2015 (the "Ahern/Distribution Agreement") to Ahern. A copy of the Ahern/Distribution Agreement is attached to Proof of Claim 1-1 and 2-1 in the Distribution case. Section 2(i) of the Ahern Agreement provides that Distribution

3

136280593

"shall be liable for all collection costs actually incurred by [Ahern], including, but not limited to, reasonable attorneys' fees and costs."

Here, the Trustee seeks to disallow Defendants' respective proofs of claim against the Debtor entities. *See* Complaint Count VIII. As set forth in their Answer, Defendants deny that their claims should be disallowed and further assert that they should be allowed to include post-petition attorneys' fees in their proofs of claim. *See e.g.*, *SummitBridge Nat'l Invs. III, LLC v. Faison*, 915 F.3d 288, 289 (4th Cir. 2019)(holding that the bankruptcy code does not bar "a creditor from asserting an unsecured claim for attorneys' fees, if those fees are incurred after the filing of a bankruptcy petition but guaranteed by a pre-petition contract.")(citing *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007)(where the US Supreme Court rejected a Ninth Circuit rule disallowing claims for post-petition attorneys' fees where those post-petition fees were incurred while litigating issues of federal bankruptcy law). Therefore, the Trustee's request to strike Defendants' attorneys' fee request should be denied.

### III. DEFENDANTS HAVE PROPERLY PLEAD THEIR AFFIRMATIVE DEFENSES.

The Trustee asserts that certain of Defendants' affirmative defenses should be stricken. Motion to Strike, pp. 14 – 16. As a starting point, the court must consider the standard under which affirmative defenses must be plead.

As to plaintiffs, Rule 8(a)[1] of the Federal Rules of Civil Procedure ("FRCP"), requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court expounded upon this rule in the twin cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the Court held that a complaint does not suffice if it tenders merely "naked assertions" devoid of further factual enhancement.

The standard as to defendants' affirmative defenses, on the other hand, is set forth in Rule 8(c) FRCP which requires that a defendant "affirmatively state any avoidance or affirmative defense . . .," which requires neither a "short and plain statement" nor any "showing" as required of plaintiffs.

---

[1] Rule 8 FRCP is made applicable to bankruptcy adversary proceedings pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

136280593

Controlling law in this district has held that the standards of *Twombly* and *Iqbal* do not apply to defendants asserting affirmative defenses. The Nevada district court analyzed the issue as follows:

> "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). But there are differences between the respective pleading standards of claims and defenses under Rules 8(a) and 8(c), respectively. At least one district court has explicitly declined to apply the *Iqbal* standards to a Rule 12(f) motion, reasoning that *Iqbal* is based on the Supreme Court's reading of Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," but that the pleading standards for affirmative defenses under Rule 8(c) simply requires them to be "affirmatively state [d]." *See Bank of Beaver City v. Sw. Feeders, L.L.C.*, No. 4:10CV3209, 2011 WL 4632887, at *5–6 (D.Neb. Oct. 4, 2011). That court noted that the Eighth Circuit had found the bare assertion of a statute of limitations defense to be sufficient. *See id.* at *6 (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir.1997) (quoting *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 445 (D.C.Cir.1994))). An "affirmative state[ment]" need not contain facts making the defense plausible, as under *Iqbal*, because Rule 8(c) does not require a "showing," as does Rule 8(a), but an affirmative defense must at least fairly identify the legal theory upon which it rests. *See Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp.2d 893, 900 (E.D.Pa.2011) ("In light of the differences between Rules 8(a) and 8(c) in text and purpose, the Court concludes that *Twombly* and *Iqbal* do not apply to affirmative defenses. An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved.").
>
> As a matter of both fairness and efficiency, it seems improper to permit a defendant to force a plaintiff to choose between ambush at trial and needless preparation for a myriad of potential affirmative defenses consistent with a single broad affirmative defense in the answer. The purpose behind the contemporary reading of Rule 8(a) is to prevent a plaintiff from extorting a settlement from a defendant through the prospect of an expensive, extended discovery process predicated on threadbare claims that would be seen to be legally insufficient if the actual circumstances of the alleged wrongdoing were even read, much less put to proof. This purpose would not be served by imposing a more detailed pleading standard for affirmative defenses, because a plaintiff against whom an affirmative defense is pled already desires to invoke the discovery process and does not aim to avoid it. A lesser efficiency-related purpose would be served, because a more stringent pleading

136280593

>standard for Rule 8(c) would save some costs by allowing a plaintiff to better focus some of his pretrial practice, including discovery. Still, because of the difference in language between Rules 8(a) and 8(c), the Court will leave it to the appellate courts to institute something like a plausibility standard for Rule 8(c). Judge Robreno's interpretation of Rule 8(c), that an affirmative defense need only "provide fair notice of the issue," is persuasive. *See Tyco Fire Prods. LP*, 777 F.Supp.2d at 900. This standard saves the parties and the court some amount of wasted effort in cases where a broadly stated affirmative defense can be divided into distinct legal theories, not all of which necessarily apply, but it avoids the imposition of the plausibility standard, which is based at least in part on the particular language of Rule 8(a) requiring a "showing." *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (quoting Fed.R.Civ.P. 8(a)(2)) (alteration removed).

*Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1241–42 (D. Nev. 2014); *See also*, *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)( "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"); *ESCO Corp. v. Cashman Equipment Co.*, 158 F. Supp.3d 1051, 1058 (D. Nev. 2016) ("The standard for properly pleading an affirmative defense does not rise to the same level of pleading a cause of action."); *Rosen v. Masterpiece Marketing Group, LLC*, 222 F. Supp.3d 793, 802 (C.D. Cal. 2016) ("Requiring defendants to satisfy the [*Twombly* and *Iqbal*] pleading standard within twenty-one days of being served with a complaint neither accords with the language of Rules 8(c) and 12(f), nor appears just as a matter of policy."); *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp.3d 986, 991-92 (E.D. Cal. 2016) ("This Court will not apply [*Twombly* and *Iqbal*] to determining the sufficiency of affirmative defenses."); *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 665 (S.D. Cal. 2014) ("Stating an affirmative defense under Rule 8(c), however, does not require the pleader to 'show' entitlement to its defense."); *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013) ("this Court declines to extend the [*Twombly* and *Iqbal*] pleading standards to affirmative defenses"); *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013) ("the Supreme Court's analysis in [*Twombly* and *Iqbal*] is limited to pleadings under [Rule] 8(a)(2)"); *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012) ("this Court declines to extend the [*Twombly* and *Iqbal*] pleading standards to affirmative defenses").

136280593

Based on the law set forth above, the Trustee's position that Defendants are required to do more than state in plain terms the affirmative defenses on which they intend to rely is unsupported. The standards of *Twombly* and *Iqbal* do not apply to Defendants' affirmative defenses, and the manner in which Defendants' set forth their affirmative defenses is sufficient under Rule 8(c) FRCP.

The Trustee further suggests that certain of Defendants' affirmative defenses should be stricken because this Court denied Defendants' motion to dismiss. Motion to Strike pp. 14-15. To the contrary, Defendants may be required to continue to assert their defenses set forth in their Motion to Dismiss or else risk losing their rights to appeal on these issues. *See e.g.*, *Terry v. Unified Gov't of Wyandotte Cnty./kansas City Kansas*, No. 09-2094-EFM-DWB, 2009 WL 10687926, at *1 (D. Kan. Dec. 21, 2009)(finding defenses not plead in Answer were waived).

Finally, the Trustee asserts that Defendants' equitable defenses, including setoff and recoupment, should be stricken. The Trustee acknowledges that she has asserted an equitable claim of unjust enrichment and appears to acknowledge that equitable defenses are appropriate in defending an equitable claim. Motion to Strike, p. 16 ("Save one count, the Trustee has brought solely statutory claims for which the defenses are explicitly identified in the statute."). Inexplicably, the Trustee asks the court to ignore her claim for unjust enrichment and strike all of Defendants' equitable defenses. As long as the Trustee continues to assert equitable claims, Defendants are entitled to assert equitable defenses. *See e.g.*, *Chitkin v. Lincoln Nat. Ins. Co.*, 879 F. Supp. 841, 853 (S.D. Cal. 1995)("This Court finds that simple logic and principles of due process of law support the proposition that litigants must be able to raise equitable defenses to equitable causes of action.").

Therefore, the Trustee's request to strike certain of Defendants' affirmative defenses should be denied.

IV. **DEFENDANTS' RESPONSES TO THE COMPLAINT ARE ADEQUATE PURSUANT TO THE RULES.**

Finally, the Trustee claims that certain of Defendants' responses are "inadequate" because they do not simply admit or deny the allegations. Motion to Strike pp. 16 – 17. Specifically, the Trustee complains of Defendants' responses to the allegations addressing the transfers allegedly made

by the Debtors to Defendants in which Defendants acknowledge that Debtors "made certain payments" to the Defendants.

The Trustee boldly states that "Rule 8(b)(2) states that Defendants may only 'admit or deny' the Trustee's allegations. There is no other option." The Trustee's statement is explicitly refuted by Rule 8, as well as her own footnote 49 citing case law acknowledging that a defendant has three options: it may admit, deny, or lack information to form a sufficient belief.

Here, Defendants' Answer acknowledges that they received certain payments from the Debtors during the alleged time frames. However, Defendants are not required at the pleading stage to have the knowledge sufficient to admit the exact dollar amount to the penny of any transfers received. Rather, the Defendants are entitled to wade into the discovery process before determining the exact amounts of any alleged transfers that they may have received during the time periods at issue. Therefore, the Trustee's request to deem Defendants' responses inadequate should be denied.

## CONCLUSION

For the reasons set forth above, Defendants request that this Court deny the Trustee's Motion to Strike.

Dated this 28th day of July, 2022.

**FOX ROTHSCHILD LLP**

*/s/ Mark J. Connot*
MARK J. CONNOT (10010)
COLLEEN E. McCARTY (13186)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone:    (702) 262-6899
Facsimile:    (702) 597-5503
*Attorneys for Ahern Rentals, Inc.*
*and Xtreme Manufacturing, LLC*

136280593

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2022, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO TRUSTEE'S MOTION TO STRIKE DEFENDANTS' (1) JURY TRIAL DEMAND; (2) NON-CONSENT TO FINAL ORDERS AND JUDGMENTS; (3) REQUEST FOR FEES AND COSTS; (4) CERTAIN AFFIRMATIVE DEFENSES; AND (5) CERTAIN INADEQUATE RESPONSES [DEFENDANTS' ANSWER ECF NO. 29]** was served via:

☒ (ELECTRONIC SERVICE) Pursuant to Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date noted above and served through the Notice of Electronic Filing automatically generated to all registered users via the Court's CM/ECF System as set forth below:

ALEXANDER E. BRODY on behalf of Plaintiff CHRISTINA W. LOVATO
abrody@melandbudwick.com
tannenbaum@melandbudwick.com
ltannenbaum@ecf.courtdrive.com
mrbnefs@yahoo.com

MICHAEL S. BUDWICK on behalf of Plaintiff CHRISTINA W. LOVATO
mbudwick@melandbudwick.com
ltannenbaum@melandbudwick.com
ltannenbaum@ecf.courtdrive.com

SOLOMON B. GENET on behalf of Plaintiff CHRISTINA W. LOVATO
sgenet@melandbudwick.com
ltannenbaum@melandbudwick.com
ltannenbaum@ecf.courtdrive.com

JEFFREY L HARTMAN on behalf of Plaintiff CHRISTINA W. LOVATO
notices@bankruptcyreno.com
abg@bankruptcyreno.com

CHRISTINA W. LOVATO
trusteelovato@att.net
NV26@ecfcbis.com

/s/ Doreen Loffredo
An Employee of Fox Rothschild LLP

136280593