Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. #1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
mmurphy@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

    Debtor.

Lead Case No.: BK-19-50102-gs
(Chapter 7)
Substantively Consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

CHRISTINA W. LOVATO,

    Plaintiff,

v.

AHERN RENTALS, INC. and XTREME
MANUFACTURING, LLC,

    Defendants.

Adversary No.: 22-05001-gs

**TRUSTEE'S MOTION FOR
PROTECTIVE ORDER REGARDING
DEFENDANTS' NOTICE OF
DEPOSITION OF TRUSTEE PURSUANT
TO F.R.C.P. 30(b)(6) [ECF No. 75]**

**Hearing Date:  TBD**
**Hearing Time: TBD**

    Christina W. Lovato, as plaintiff and chapter 7 trustee ("*Trustee*"), pursuant to F.R.C.P.
26 and 30, moves ("*Motion*") this Court to enter a protective order with respect to the above-

1

captioned defendants' ("**Defendants**") Notice of Deposition pursuant to F.R.C.P. 30(b)(6) ("**30(b)(6) Notice**") to the Trustee [ECF No. 75 ].[1]  In support, the Trustee states:

## INTRODUCTION

The Trustee understands that, as the plaintiff, she must sit for deposition under F.R.C.P. 30(b)(1). However, she is entitled to a protective order from the Defendants' 30(b)(6) Notice, and should be protected from giving a Rule 30(b)(6) deposition, given:

- Rule 30(b)(6) is inapplicable to the Trustee per its plain language.

- The Defendants did not identify a Rule 30(b)(6) deposition of the Trustee in their R. 26 disclosures (but did identify Jeff Carpoff, and other DC Solar former insiders, who were "there" at the time).

- A Rule 30(b)(6) deposition is particularly inappropriate under the instant facts, even if allowable under the Rules.

- The 33 depositions topics ("**Topics**") in the 30(b)(6) Notice are improper, overly broad, oppressive, would place an undue burden on the Trustee, and are wholly non-proportional to this Adversary. It would be an enormous and unwarranted drain on the Trustee and the estate's resources for a R. 30(b)(6) deposition to go forward.

The Parties have engaged in active fact discovery in this Adversary. Yet, the Defendants have not yet deposed a single DC Solar former employee. Even if R. 30(b)(6) applied (and it does not), the Defendants have no right to force the Trustee to memorize every pre-petition act by a DC Solar former insider when the Defendants have failed to seek this information from those individuals, who were "there," like the Defendants were "there." This is especially true when the Trustee will sit for a R. 30(b)(1) deposition.

Respectfully, a protective order is appropriate.

## MEET AND CONFER

The Parties have met and conferred, by email and by telephone. The Trustee intends to continue to meet and confer prior to the hearing. The Parties have been working together professionally, and the Trustee appreciates the Defendants' good faith efforts.

---

[1] The Defendants have confirmed that the date for the Trustee's deposition in the 30(b)(6) Notice is a "placeholder" date and will be rescheduled by mutual agreement (*e.g.,* either as a R. 30(b)(1) or a R. 30(b)(6) deposition) after the Court rules on the Motion.

# BACKGROUND

## I.    The Trustee

The Trustee is an after the fact fiduciary and was not "there" at the time. The Trustee utilized her professionals to perform a pre-suit investigation, which has continued post-commencement of this Adversary. Each aspect of the Trustee's investigation necessarily includes the mental impressions and legal theories of her counsel – they cannot be separated.

## II.    This Adversary

The Trustee has brought a straightforward adversary proceeding ("*Adversary*") seeking to avoid and recover transfers made by DC Solar to the Defendants.

The Trustee filed a motion for partial summary judgment ("*MPSJ*"), supported by (among other things) a declaration from the Trustee's expert witness Melissa Davis, CPA, CFE, CIRA. [ECF Nos. 15-18].  The Trustee has withdrawn her MPSJ without prejudice but intends to seek (at least) similar relief at summary judgment in connection with the "Ponzi Presumptions" of actual intent and insolvency.

The Trustee has deposed some of the Defendants' insiders, including (1) Don Ahern, ARI and Xtreme's owner and senior executive; (2) Evan Ahern, ARI's President; (3) Brandon Main, Xtreme's President; (4) Sami Bakdash, ARI and Xtreme in-house counsel and executive; and (5) Kirk Hartle, ARI and Xtreme's financial professional and executive. The Trustee also intends to take a few further depositions. The Trustee has served written discovery, has received responses, and the parties are conferring on some of those items.

The Defendants have served written discovery but to date have taken zero depositions. At a recent status hearing, the Defendants communicated an intent to depose Jeff Carpoff.

The Defendants' R. 26 disclosures, attached as **Exhibit 1**, do not identify a single person – they merely incorporate "those set forth in Plaintiff's Rule 26(a)(1) Disclosures" and include other "catch-all" categories. The Trustee's R. 26 disclosures are attached as **Exhibit 2**, and nowhere is the Trustee identified as a 30(b)(6) witness.

The Defendants filed their Answer on July 1, 2022 and, without taking a single deposition, served the 30(b)(6) Notice. The Topics are unduly broad and burdensome, oppressive, and inappropriate, even if a Rule 30(b)(6) deposition was allowable and / or permitted (which it is not).

## ARGUMENT AND ANALYSIS

### I. Deposing the Trustee is Improper Per the Plain Language of F.R.C.P. 30(b)(6)

"[T]he Supreme Court commands courts to give the Federal Rules of Civil Procedure their plain meaning."[2] Rule 30(b)(6) reads as follows:

> *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent **a public or private corporation, a partnership, an association, a governmental agency, or other entity** and must describe with reasonable particularity the matters for examination. The **named organization** must then designate … persons who consent to testify on its behalf …

(emphasis added).

The Rule makes explicit who is included and who is not – and the Trustee is unquestionably **not** any of those enumerated entities. This is especially clear when contrasted with the language of R. 30(a)(1), which (differently) permits the deposition of "any person, including a party …".[3]

Per its plain language, R. 30(b)(6) is inapplicable to the Trustee, and a protective order should issue.[4] The Defendants may depose the Trustee under R. 30(b)(1).

### II. A Rule 30(b)(6) is Inappropriate Here, Even if Allowable

The burdens of a deposition under Rule 30(b)(6) are widely recognized and imposing those burdens on the Trustee is contrary to the purposes of the Rule.

> Preparing a Rule 30(b)(6) designee may be an onerous and burdensome task, but this consequence is merely an obligation that flows from the privilege of

---

[2] *Hernandez v. Rush Enterprises, Inc*., 336 F.R.D. 534, 536 (E.D. Tex. 2020) (addressing F.R.C.P. 30) citing *Pavelic & LeFlore v. Marvel Entm't Grp*., 493 U.S. 120, 122 (1989).

[3] *See generally Fares v. Barr*, 942 F.3d 1172, 1175 (9th Cir. 2019) ("When interpreting statutes, we must presume that differences in language like this convey differences in meaning.") (quotations omitted).

[4] *See e.g., Youell v. Grimes*, 2001 WL 1273260, *2 (D. Kan. Apr. 13, 2001) (granting the plaintiff a protective order where plaintiff was an individual, *i.e.,* not in the R. 30(b)(6) enumerated categories).

using the corporate form to do business.[5]

Here, the Trustee brings suit with statutory standing – she never had "the privilege of using the corporate form to do business" and therefore should not bear the accompanying burdens.

This was addressed in *In re New England Comp. Pharmacy, Inc.,* 2015 WL 13715289, *9 (D. Mass. July 31, 2015) emphasis added), where the district court protected a bankruptcy trustee from a Rule 30(b)(6) deposition, explaining as follows:

> Nevertheless, the Court finds that under the unique circumstances of this case, the **[bankruptcy] Trustee should not have to designate a Rule 30(b)(6) designee to testify on behalf of [debtor] NECC**. The Court has been unable to find a case quite like this one, where not only most of the principals of the corporation have been indicted and have expressed an intention to invoke their Fifth Amendment rights but where the corporation has also filed for bankruptcy and is no longer operating. **One of the Trustee's main responsibilities in the bankruptcy case was to marshal the assets of NECC for distribution to creditors, including the victims of the outbreak. He has no apparent personal knowledge of any of the proposed subjects for examination. The former owners and principals of NECC are not available to help with the preparation of Rule 30(b)(6) witness. [] Therefore, preparing a Rule 30(b)(6) witness would be an extraordinary undertaking**. Every dollar spent by the Trustee and/or his counsel investigating the topics listed in the Rule 30(b)(6) notice and preparing a witness with no prior knowledge of those topics results in one less dollar available to the victims.

*See also Koken v. Lederman,* 2001 WL 34368781, *1 (E.D. Pa. Oct. 25, 2001) ("In the circumstances of this litigation, in which the plaintiff is a public official acting in her capacity as liquidator of a defunct insurance company, and in which the plaintiff and her subordinates have no firsthand knowledge of the affairs of the defunct insurance company, the use of Rule 30(b)(6) depositions is inappropriate.")

Here, the facts giving rise to a protective order are even more compelling. First, Jeff Carpoff and certain other DC Solar insiders are unavailable to help the Trustee prepare. Second, the Defendants can (and seemingly intend to) take Jeff Carpoff's deposition, and can take other

---

[5] *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012); *see also United States v. HVI Cat Canyon, Inc.,* 2016 WL 11683593, *6 (C.D. Cal. Oct. 26, 2016) ("Although courts have recognized that adequately preparing a Rule 30(b)(6) deposition can be burdensome, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.") (notation omitted).

former DC Solar insiders' depositions, too. The Trustee should not be burdened when she was not "there" at the time (and the Defendants were).

This is especially true where the Trustee: (1) will sit for a 30(b)(1) deposition; (2) has answered and will answer written discovery, including contention interrogatories; and (3) has turned over large amounts of documents and information. In this fact-situation, even more compelling than in *New England Comp.* and *Koken,* a 30(b)(6) is simply not proper.

### III. The Defendants Did Not Identify a R. 30(b)(6) Deposition in its R. 26 Disclosures

"Rule 26 disclosures are designed to allow a party enough time to conduct interviews and depositions, and to prepare a trial strategy in light of the witnesses that may be called by the opposing party."[6] The Defendants did not identify a R. 30(b)(6) deposition of the Trustee in their R. 26 disclosures and the Trustee would be prejudiced if it went forward.

> A party's ability to order its discovery and select its witnesses for deposition is prejudiced by another party's failure to make sufficient Rule 26(a)(1) disclosures. That the other side may have known the identity of a possible witness is no substitute for compliance with Rule 26.

*Wilkins v. Kmart Corp.,* 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007) (quotations and citations omitted). The Trustee is prejudiced by the Defendants' failure to comply, especially given

- The well-settled burdens of preparing for a R. 30(b)(6) deposition.

- The Defendants have expressed their intent to take the depositions of at least one DC Solar former insider, although have not yet done so, and identified multiple DC Solar former insiders in their R. 26 disclosures.

- The Defendants may depose the Trustee, individually, as the plaintiff, which is all the Defendants communicated through its R. 26 disclosures.

### IV. The Trustee Should be Protected from a R. 30(b)(6) Because It Would Improperly Invade Matters the Work Product Doctrine and / or the Attorney-Client Privilege

A. Work Product and Attorney Client Privilege

In *Koken v. Lederman*, 2001 WL 34368781, *1 (E.D. Pa. Oct. 25, 2001), the plaintiff was

---

[6] *Johnson v. Sch. Dist. No. 1*, 2014 WL 983521, *3 (D. Colo. Mar. 13, 2014).

the liquidator of an insolvent entity, and because she had "no firsthand knowledge of the [entity's] affairs," the Court held that "the use of Rule 30(b)(6) depositions is inappropriate." The *Koken* court recognized that "[p]ersons designated pursuant to that rule, having no firsthand knowledge, would need to be prepared in advance for such depositions, **with the result that the depositions would inevitably invade the work-product privilege**." *Id.* (emphasis added); *see also S.E.C. v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (granting motion for protective order: "the proposed Rule 30(b)(6) deposition [of the SEC] constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC").

While the Federal Rules allow for liberal discovery, limitations are imposed. "Mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" are not discoverable. F.R.C.P. 26(b)(3)(B). This is the "work product doctrine," and it also is derived from decisional law. It protects a lawyer's work product by prohibiting unwarranted inquiries as follows:

> Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses. Such material is accorded almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases.[7]

Selection and compilation of relevant facts by counsel is at the heart of the work product doctrine.[8] Courts recognize that attorneys must "work with a certain degree of privacy free from unnecessary intrusion by the opposing parties and their counsel."[9]

As is plain from the Topics, the Defendants seeks a 30(b)(6) designee on a wide range of facts which necessarily invade the Trustee's professionals' work-product. The Trustee was not "there" prior to her appointment. Her information was collected through her investigation, performed with and through her counsel.

---

[7] *In re Bilzerian*, 258 B.R. 846, 849 (Bankr. M.D. Fla. 2001); *see also U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2012 WL 3537070 (M.D. Fla. Aug. 14, 2012).
[8] *E.E.O.C. v. HBE Corp.*, 157 F.R.D. 465 (E.D. Mo. 1994).
[9] *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Here, just like in *Koken*, the Trustee can only be prepared for a R. 30(b)(6) deposition by the Trustee's counsel, the persons who conducted the investigation on the Trustee's behalf. Thus, the deposition would necessarily be intertwined with Trustee's counsel's work product, and matters communicated to / with the Trustee by counsel that are protected by attorney-client privilege. The Trustee will not be able to testify without providing insight into the Trustee's counsel's mental impressions and legal theories, especially regarding the (i) significance of documents;[10] and (ii) credibility and inferences from witness statements and testimony.[11] This would be an impermissible invasion into the Trustee's counsel's work-product, and otherwise information protected from disclosure.

In *Bilzerian*, a party sought to depose an SEC receiver through R. 30(b)(6). The SEC objected, arguing that any R. 30(b)(6) deposition would necessarily require SEC counsel to sit for deposition, or for the SEC's counsel to educate the receiver; either way, attorney work-product would be invaded.[12] The Bankruptcy Court held:

> Based on the foregoing, it is the conclusion of this court that the taking of the deposition of the SEC—which would necessarily require the taking of the deposition of their lead counsel or someone with knowledge gained exclusively from the SEC's counsel—is not an appropriate use of Fed. R. Civ. Proc. 30(b)(6). To allow the deposition would seriously impinge on the work product of the SEC's primary lawyer and would potentially allow unwarranted inquiries into the mental impressions of their attorney and would produce no non-privileged information relevant to defend against the Motion to Dismiss.[13]

Here, as in *Bilzerian* and *Koken*, the Trustee cannot be deposed on the Topics without an unwarranted invasion into protected work-product (and attorney-client privilege). Thus, a protective order should be entered.  The Trustee will sit for a R. 30(b)(1) deposition.

B.  The Trustee's Counsel Should Not be Required to Sit for the Deposition

As indicated by the Bankruptcy Court in *Bilzerian*, perhaps the only person(s) who could be properly educated to sit for the deposition on the Topics is a combination of the Trustee and

---

[10] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986).
[11] *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985).
[12] *Bilzerian*, 258 B.R. at 848-49.
[13] *Id.* at 849.

8

the Trustee's counsel. The Trustee's counsel, with the Trustee, performed the investigation, and while a massive amount of work would be required to cover such broad-ranging topics, if it must be someone, it may perhaps be no one else.

Although not prohibited *per* se, taking the deposition of opposing counsel is disfavored.[14] The standard is: "opposing counsel may be deposed only after a showing of substantial need **and** only after alternative discovery avenues have been exhausted or proven impracticable."[15] There is a three-part test, which is as follows:

> To depose opposing counsel, a party must show that (1) no means, other than deposing counsel, exist to obtain the information; (2) the information sought is relevant; and (3) the information is crucial to preparation of the case. Discovery or depositions from an opponent's counsel is improper where these three criteria are not met.[16]

Here, the Defendants cannot satisfy a single element of this test.

- As to the <u>first</u> element, the Defendants had indicated their intent to (1) depose the Trustee in her individual capacity; (2) depose former DC Solar insiders; and (3) depose former DC Solar outsiders. Yet, the Defendants have done none of these things, although the Defendants may be taking Jeff Carpoff's deposition at some point.

- As to the <u>second</u> element, there is largely no relevant information that can be provided other than those matters covered by the attorney-client privilege and the work product doctrine. Thus, nothing can be gained through the deposition of Trustee's counsel.

- As to the <u>third</u> element, the information sought is nowhere near "crucial," as it can be obtained by the proper sources, *i.e.,* DC Solar's former insiders (or the Trustee, individually). Moreover, this is a straightforward Adversary where – the Trustee submits – the Ponzi Presumption is going to largely control, including as presented by the Trustee in her motion for partial summary judgment and supporting materials.

Thus, a deposition of the Trustee's counsel on the Topics, respectfully, is inappropriate. A protective order should be entered.

## V. There is Otherwise "Good Cause" for Issuance of a Protective Order Protecting the Trustee (or the Trustee's counsel) from the Deposition Notice

This Court "must limit the . . . extent of discovery" if it determines that:

---

[14] *Shelton*, 805 F.2d at 1327.

[15] *Am. Fed'n of State, Cnty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 479 (S.D. Fla. 2011) (emphasis added).

[16] *Id.*

    (i)       The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)      The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)    The proposed discovery is outside the scope permitted by Rule 26(b)(1).

F.R.C.P. 26(b)(2)(C). This Court may also, in association with a discovery request, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …" F.R.C.P. 26(c).

    A.  The Trustee Has No Personal Knowledge, and There are Other Sources of <u>Information More Convenient, Less Burdensome, and Less Expensive</u>

The Trustee was not "there" (while Jeff Carpoff and the Defendants were). To educate the Trustee on the wide-ranging Topics would be enormously burdensome and expensive. Furthermore, the Trustee would be educated only with information constituting either work product or attorney-client privileged information, which could not be shared with the Defendants in any event. The likely benefit to the Defendants is simply not present, and thus there is "good cause" to issue a protective order preventing the Deposition from going forward.

Adding to that "good cause" is that there are other, more appropriate mechanisms to discover the information in the Designated Topics. In *S.E.C. v. SBM Inv. Certificates, Inc.*,[17] the defendant issued a Rule 30(b)(6) deposition on the receiver, who moved for a protective order. The receiver argued that since it entered the scene after-the-fact, it should not be compelled to designate a fact witness to testify. The *SBM* district court granted the protective order, finding "good cause" to prevent the 30(b)(6) examination from going forward. It reasoned as follows:

> **Given the other means of discovery available to [the moving party]** and the degree in which the designated topics would intrude upon the opinion work product of the SEC investigating attorneys, a protective order is warranted in this case in spite of the fact that factual discovery has been available to and utilized by the SEC in this case.[18]

This is directly applicable here. The Defendants should pursue other avenues of

---

[17] 2007 WL 609888 (D. Md. 2007).

[18] *Id.* at *25 (emphasis added); *see also S.E.C. v. Rosenfeld,* 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997).

discovery before resorting to R. 30(b)(6) deposition of the after-the-fact fiduciary.[19] The Defendants can depose Jeff Carpoff or other DC Solar former insiders. The Defendants can depose the Trustee per R. 30(b)(1). And the Defendants may use contention interrogatories – expressly contemplated and directed in *Koken* under very similar circumstances - a mechanism which can accomplish all of its goals and the Defendants have already used in this Adversary.

But the Defendants cannot simply place that burden on the Trustee where "other means of discovery [are] available." There is simply no need to place the 30(b)(6) burden on the Trustee, and there is "good cause" to prevent it from going forward.

That the Trustee has waived the Debtors' pre-petition attorney-client privileges makes the Trustee's position more compelling. The Defendants can depose DC Solar's pre-petition lawyers and accountants to seek the requested information – that too, is information that "can be obtained from some other source that is more convenient, less burdensome, or less expensive".[20]

Without waiving any of the Trustee's rights or potential objections, this is the proper path for seeking information from the Trustee, not a Rule 30(b)(6) examination.

B.  There is 'Good Cause' for a Protective Order Because the Burden or Expense Outweighs its Likely Benefit, And the Other Means Available

Pursuant to F.RC.P. 26(b)(2)(C), the scope of discovery should be limited where it is outside the scope permitted by Rule 26(b)(1), *i.e.*, when "the burden or expense of the proposed discovery outweighs its likely benefit."  Here, "good cause" for a protective order is present for the identical reasons as those stated above, including (i) that the Trustee was appointed post-petition; (ii) any information she could learn would be from the Trustee's counsel, and thus protected from discovery per the work product doctrine and attorney-client privilege; (iii) the Trustee's waiver of the Debtor's pre-petition attorney-client and otherwise privileges with its pre-petition professionals; (iv) the other available sources of information, from the persons / entities that were there at the time, such as the DC Solar former insiders; and (v) contention interrogatories, which are the appropriate mechanism to request information directly from the

---

[19] *See In re Rosenberg,* 291 B.R. 704, 709 (Bankr. E.D. Mich. 2002), *abrogated on other grounds by Devry v. Rosenberg*, 2003 WL 21919267 (E.D. Mich. 2003).

[20] *Fed. R. Civ. P.* 26(b)(2)(C)(i).

Trustee; and (v) an individual deposition of the Trustee.[21]

The benefit to taking a R. 30(b)(6) deposition is minimal, while the burden and expense will be enormous.

Given those other means, and the degree to which the depositions of the Trustee would intrude upon estate resources, attorney-client privilege, and the work-product doctrine, which would prevent meaningful answers, and the availability of the sought-information from other sources, the burden would outweigh any likely benefit. A protective order is warranted.

## VI. The Deposition Topics Are Overbroad, Oppressive, and Would Cause Undue Burden on the Trustee and the DC Solar Bankruptcy Estate

There are too many (33) Topics, they are too broadly worded, some require application of the law to the facts, expert testimony, information cumulative of other evidence, and that is either within an independent-witness' control or has already been obtained by the Defendants / available to them. The depth and breadth of the Topics, viewed together and in the context of a 30(b)(6) deposition, would demand a mountain of information beyond the fair ability of any witness – or even witnesses – to reasonably deliver, and would make the preparation of a witness(es) a near-impossible task. Based on a combination of burdensomeness and proportionality, and the general rules on the limitation for discovery, a protective order should issue. As ruled by courts from within the Ninth Circuit:

> Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party, **for the Rule to effectively function**, the requesting party must take care to designate, **with painstaking specificity**, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Topics should be drafted in accordance with the widely-recognized understanding that Rule 30(b)(6) is not designed to be a memory contest. Even if topics are identified with the requisite specificity, **many courts have found that when the proposed deposition topics are complex** and highly technical, **or**

---

[21] *Rosenfeld*, 1997 WL 576021, *4 ("Lastly, to proceed by way of the Rule 30(b)(6) deposition sought by defendant Rosenfeld would undoubtedly place an undue burden on the SEC and the court, which would have to make a multitude of otherwise unnecessary decisions about issues of attorney work product and law enforcement privilege, whereas no prejudice to defendant Rosenfeld has been shown if he is required to conduct discovery by the other methods suggested in this opinion.").

**involve legal issues that require the assistance of an attorney, the interrogatory is the preferred device**.[22]

[A] corporation's duty to prepare 30(b)(6) witnesses to answer questions about the designated subject matter becomes increasingly impossible as the number and breadth of noticed subject areas expand. *See also Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("**An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task**."); *Acton v. Target Corp*., 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (same). Accordingly, Rule 30(b)(6) prevents undue burdens on corporate deponents by requiring that noticed topics be described with "reasonable particularity." Fed. R. Civ. P. 30(b)(6).[23]

**Courts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices**. … It is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything."[24]

Here, a protective order should be entered as the Topics are overbroad, oppressive, and would cause undue burden and expense. They certainly have not been drafted with "**painstaking specificity**," as required by decisional law.

The Defendants seeks the Trustee to accomplish an impossible task. This is especially true given the straightforward Adversary with solely claims to avoid and recover avoidable transfers, and solely statutory defenses to same. *See e.g, Johnson v. Dal Glob. Servs., LLC,* 2022 WL 2047317, *2 (D. Nev. June 7, 2022) ("Johnson's Rule 30(b)(6) notice, which consists of 11 topics with 78 subtopics, is excessive and unreasonable given the circumstances of this case, including the relatively straightforward nature of the single claim and defenses.").

And given that most of the Topics are simply contention interrogatories in disguise.

This Court need not go topic-by-topic to consider whether it is overbroad or improper; the court can simply examine the Topics generally and provide direction to the designating party.

---

[22] *United States v. HVI Cat Canyon, Inc.,* 2016 WL 11683593, *7 & *10 (C.D. Cal. Oct. 26, 2016) (citations and quotations omitted, emphasis added).

[23] *Key v. US Greenfiber, LLC*, 2023 WL 1392058, *2 (D. Idaho Jan. 31, 2023) (cleaned up, certain citations omitted).

[24] *Reno v. W. Cab Co.,* 2020 WL 5902318, *2 (D. Nev. Aug. 31, 2020)

*See e.g., Matthys v. Barrick Gold of N. Am., Inc.*, 2021 WL 3604834, *2 (D. Nev. Aug. 13, 2021) ("In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others.") (citing cases).

But to provide general argument as to why the Topics are improper:

<u>First</u>:          Topics 9-27 seek "all facts" relating to a topic. This is inappropriate. *See Reno*, 2020 WL 5902318, *2 (rejecting an "all facts …" topic); *see also Blackmore v. Union Pac. R.R. Co.*, 2022 WL 3718115, *6 (D. Neb. Aug. 29, 2022) (rejecting an "all facts" topic because, among other things, it necessarily invades work product and other privileges).

<u>Second</u>,          Nearly all of the Topics, and especially 9-27, should be asked through a contention interrogatory, which fits the Defendants' inquiries far better. *See e.g., Koken,* 2001 WL 34368781, *1; *Blackmore*, 2022 WL 3718115, *7.

> Courts have concluded that questioning on contention topics in a Rule 30(b)(6) deposition is burdensome, poses serious work product issues, and is not the proper vehicle for obtaining a summary of the opposing parties' allegations. Discovery under other rules is a more appropriate method for obtaining such information.[25]

These Topics are clearly "contention interrogatory" topics, and a R. 30(b)(6) deposition should not be used as an end-around. *See HVI Cat Canyon*, 2016 WL 11683593, *9-10 (explaining that an interrogatory is the better mechanism than a R. 30(b)(6) topic); *see also Clauss Constr. v. UChicago Argonne LLC*, 2015 WL 191138, *4 (N.D. Ill. 2015) ("There is a difference of opinion among courts as to whether a Rule 30(b)(6) topic that asks an entity to designate a witness to testify about facts underlying legal claims or defenses is appropriate. The issue usually comes down to whether contention interrogatories are a better discovery vehicle for that kind of information than a Rule 30(b)(6) deposition.").

Here, interrogatories are a far better vehicle, especially since the Trustee is an after-the-fact fiduciary, was not there at the time, and is / was supported by her professionals.

<u>Third</u>,          Topics 13, 16, and 24 seek information that is suited to ask the Trustee's expert and should not be asked of the Trustee. *See In re Reagor-Dykes Motors, LP*, 2021 WL 5226485, *2 (Bankr. N.D. Tex. Nov. 4, 2021) ("A party may properly resist a Rule 30(b)(6)

---

[25] *Atwood v. Union Pac. R.R.*, 2022 WL 17585893, *9 (D. Neb. Dec. 12, 2022) (citing cases).

14

deposition on the grounds that the information sought is more appropriately discoverable through ... expert discovery.") (citing cases). Indeed, the Trustee has already disclosed her expert – Melissa Davis, CPA, CFE, CIRA – filing her declaration in the public docket.

<u>Fourth</u>,        Topics 1-2, 6-8, and 28-31 seek "your [the Trustee's] knowledge" as to certain items. This can equally be established through a 30(b)(1) deposition and is contrary to the entire concept of a 30(b)(6) deposition.

<u>Fifth</u>,        Many of the Topics, including 29-30, are improper on relevancy and "undue burden" grounds. The 2021 district court in *Reagor-Dykes* struck a variety of topics, reasoning as follows:

> Topics 1–3 and 17 relate to the Debtors' commercial relationship with creditors other than [the defendant]. [] **In sum, the Trustee's fraudulent conveyance actions rely on the "Ponzi-scheme presumption,"** which holds that fraudulent intent is presumed for purposes of a fraudulent conveyance action when the plaintiff has established that the debtor was operating a Ponzi scheme. [] **Fraudulent intent is the only issue to which information regarding the Debtors' commercial relationship with their other creditors could conceivably be relevant. Since the Trustee's theory of the case rests on a presumption of fraudulent intent, [the defendant] need only address whether the presumption legally applies to the case at hand, which does not require an intricate account of the Debtors' transactions with other creditors.**

2021 WL 5226485, *2.

<u>Sixth</u>,        Topics 3-5 and 32-33 seek "Information regarding" certain broad topics. These, and others, violate the rule of ***"painstaking specificity"*** for 30(b)(6) topics.

And to provide just a few specific examples:

In <u>Deposition Topic No. 1</u>, the Defendants designate the topic of "*the Debtor's legitimate business operations.*"  The Defendants can seek to depose Carpoff, or any other DC Solar former insider, this classic fodder for an interrogatory, and this be asked at a 30(b)(1) deposition. Moreover, there is no basis for the Trustee (or another designee) to get educated on this topic over the 8+ life of DC Solar, when (1) this topic has little meaningful relationship to the Trustee's case or the Defendants' defenses; and (2) is far broader than anything that could

possibly relate to the Trustee's case or the Defendants' defenses.

In Deposition Topic 5, the Defendants designate: "[I]nsider individuals who were equity-holders, officers, executives, and managers without knowledge of the alleged Carpoff Ponzi Scheme … as well as information regarding any and all outside individuals who had knowledge of the alleged Carpoff Ponzi Scheme." First, this Court has already rejected as inapplicable, in this Adversary, the Defendants' potential defense of unclean hands / *in pari delicto*, and thus non-imputation is not an issue for this Adversary. [ECF No. 22]. Second, (1) this topic has little meaningful relationship to the Trustee's case or the Defendants' defenses; and (2) is far broader than anything that could possibly relate to the Trustee's case or the Defendants' defenses. Third, the Defendants should first ask (or try to ask) those individuals, and could otherwise seek the use of a contention interrogatory.

In Deposition Topic 13, the Defendants designate the topic of: "All facts or allegations connecting having a family dinner and a barbeque to participating in a ponzi scheme, as alleged in paragraph 79 of your Complaint." The Trustee did not make this allegation in ¶ 79 of her Complaint, but either way, this is (at best) a topic proper for a 30(b)(1) deposition, a contention interrogatory, and / or another discovery request. To force the Trustee (or her designee) to get educated on this topic is outside the proper contours of Rule 30(b)(6).

In Deposition Topic 18, the Defendants designate the topic of: "All facts making Evan Ahern's activities with Ahern Ad, including executing Acceptance Certificates or accepting loans from Carpoff entities, in any way relevant to the causes of action asserted in your Complaint." Again, this asks for a legal conclusion, and is far too broad of a topic and is more appropriately asserted in an interrogatory. But also, this information is in the hands of the Defendants, who have already answered an interrogatory on this topic. Defendant-Ahern Rentals Inc.'s Answer to Trustee's First Set of Interrogatories, #4, dated October 26, 2022, reads:

> From January 1, 2010, until July 2013, Evan Ahern was the Executive Vice President and a member of the Board of Directors. From July 2013 until April 4, 2019, Evan Ahern was the President and a member of the Board of Directors. At all times during his employment, Evan Ahern had the requisite authority commensurate with his respective job titles.

In meaningful part, if not completely, this is what makes Evan Ahern's activities relevant to the Trustee's causes of action against defendant-Ahern Rentals, Inc.

In Deposition Topic 24, the Defendants designate the topic of "All facts concerning your allegation that "Carpoff caused DC Solar to make [certain transfers] with the actual intent to hinder, delay or defraud the Debtors' creditors." Not only is "all facts" improper, and not only is this request so incredibly overbroad to encompass the Trustee's entire prima facie case, but the Trustee has filed her MPSJ (now withdrawn) and supporting declarations, including that of Ms. Davis in the Davis Report. And the Trustee has explained her intention to use the Ponzi Presumption to prove her "actual fraud" case. The Defendants have this information, and certainly do not need a R. 30(b)(6) deposition on this topic given the burden that it would entail on the Trustee, and the expert discovery the Defendants can take on this issue.

In short, a protective order is appropriate as to the 30(b)(6) deposition in total, the Topics (generally), and to all (and if not all, many) individually. This Court should wholesale reject the 30(b)(6) mechanism, as the Trustee submits is required by the plain language of the Rule and the particular circumstances here. If for any reason the Court requires the Trustee to sit for a 30(b)(6) deposition, the Defendants should be required to narrow and limit the Topics to a proper and manageable scope in line with the Federal Rules and decisional law.

## CONCLUSION

For these reasons, the Trustee respectfully requests that her Motion be granted.

**WHEREFORE**, the Trustee respectfully requests that this Court enter a protective order protecting the Trustee from sitting for examination pursuant to the 30(b)(6) Notice, in the alternative to direct the Defendants to narrow the Topics, and for all other relief this Court deems just and proper.

Dated: April 26, 2023.                    **HARTMAN & HARTMAN**


                                          */s/ Jeffrey L. Hartman*
                                          Jeffrey L. Hartman, Esq.,
                                          *Attorney for Plaintiff Christina W. Lovato*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MELAND BUDWICK, P.A.**

*/s/ Solomon B. Genet*
Michael S. Budwick, Esq., Admitted Pro Hac Vice
Solomon B. Genet, Esq., Admitted Pro Hac Vice
Meaghan E. Murphy, Esq., Admitted Pro Hac Vice
Gil Ben-Ezra, Esq., Admitted Pro Hac Vice
Alexander E. Brody, Esq., Admitted Pro Hac Vic
*Attorneys for Plaintiff Christina W. Lovato*

## CERTIFICATE OF SERVICE

I certify that on April 26, 2023, I caused the document listed below to be served:

**TRUSTEE'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANTS' NOTICE OF DEPOSITION OF TRUSTEE PURSUANT TO F.R.C.P. 30(b)(6) [ECF No. 75]**

I caused to be served the above-named document(s) as indicated below:

✔ a.  Via ECF to:

ALEXANDER E. BRODY    abrody@melandbudwick.com
ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
mrbnefs@yahoo.com
MICHAEL S. BUDWICK    mbudwick@melandbudwick.com
ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
MARK J. CONNOT    mconnot@foxrothschild.com dloffredo@foxrothschild.com
SOLOMON B. GENET    sgenet@melandbudwick.com
ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
JEFFREY L HARTMAN    notices@bankruptcyreno.com
abg@bankruptcyreno.com
CHRISTINA W. LOVATO    trusteelovato@att.net NV26@ecfcbis.com
M. KEVIN MCCARRELL    kmccarrell@foxrothschild.com
MEAGHAN E. MURPHY    mmurphy@melandbudwick.com

✔ b. Direct Email to:

Mark J. Connot, Esq.
Kevin M. Sutehall, Esq.
Colleen E. McCarty, Esq.
M. Kevin McCarrell

mconnot@foxrothschild.com
ksutehall@foxrothschild.com
cmccarty@foxrothschild.com
kmccarrell@foxrothschild.com

William Noall, Esq.
wnoall@gtg.legal

Dated: April 26, 2023.                    **MELAND BUDWICK, P.A.**

                                          */s/ Solomon B. Genet*
                                          Solomon B. Benet, Esq.
                                          Attorney for Christina Lovato, Trustee

19

1  MARK J. CONNOT
   mconnot@foxrothschild.com
2  COLLEEN E. McCARTY
   cmccarty@foxrothschild.com
3  **FOX ROTHSCHILD LLP**
   1980 Festival Plaza Drive, Suite 700
4  Ls Vegas, Nevada 89135
   Telephone:    (702) 262-6899
5  Facsimile:    (702) 597-5503
6  *Attorneys for Ahern Rentals, Inc.*
   *and Xtreme Manufacturing, LLC*

7

8                **UNITED STATES BANKRUPTCY COURT**

9                      **DISTRICT OF NEVADA**

10

11 In re                                | Case No. BK-19-50102-gs
                                          (Chapter 7)
12 DOUBLE JUMP, INC.,
                                          Substantively consolidated with:
13              Debtor.

14 ─────────────────────────

15 ☒ Affects Double Jump, Inc.
   ☒ Affects DC Solar Solutions, Inc.
16 ☒ Affects DC Solar Distribution, Inc.
   ☒ Affects DC Solar Freedom, Inc.
17

18 CHRISTINA W. LOVATO, Trustee,           **RULE 26(a)(1) DISCLOSURES**

19              Plaintiff,

20 v.

21 AHERN RENTALS, INC. and XTREME
   MANUFACTURING, LLC,
22
                Defendants.
23

| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

24

25     Ahern Rentals, Inc. and Xtreme Manufacturing, LLC (collectively, "Defendants") hereby

26 make their disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local

27 Rule 7001-1(g):

28

FOX ROTHSCH LD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

137703397.1                            1                    **EXHIBIT 1**

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

ANSWER:  Defendants have not identified any witnesses beyond those set forth in Plaintiff's Rule 26(a)(1) Disclosures served on September 8, 2022.  Defendants would further include (i) individuals listed on any amended Rule 26 disclosures by Plaintiff; (ii) other individuals to be learned through discovery; (iii) individuals to be used for rebuttal and impeachment purposes; and (iv) to the extent that Defendants use a testifying expert witness(es), Defendants will supply all required associated information at the appropriate time.  Defendants expressly reserve their right to modify or supplement the above list based upon investigation and discovery in this matter, which is ongoing, and to identify other individuals as necessary or appropriate.

**(ii)  a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

ANSWER: Defendants are in possession of e-mail correspondence regarding the subject transactions, as well as Defendants' books and records with regard go the subject payments.   Defendants expressly reserve their right to modify or supplement the above list based upon investigation and discovery in this matter, which is ongoing, and to identify other documents as necessary or appropriate.

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

137703397.1

FOX ROTHSCH LD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ANSWER:  See proofs of claim filed in lead bankruptcy case.  The documents and other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, will be made available for inspection and copying during the course of discovery.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

ANSWER:  None.

Dated this 16th day of September, 2022.

FOX ROTHSCHILD LLP

By */s/  Mark J. Connot*
　　MARK J. CONNOT
　　mconnot@foxrothschild.com
　　COLLEEN E. McCARTY
　　cmccarty@foxrothschild.com
　　**FOX ROTHSCHILD LLP**
　　1980 Festival Plaza Drive, Suite 700
　　Ls Vegas, Nevada 89135
　　Telephone: (702) 262-6899
　　Facsimile:  (702) 597-5503
　　*Attorneys for Ahern Rentals, Inc.*
　　*and Xtreme Manufacturing, LLC*

137703397.1

3

FOX ROTHSCH LD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Fox Rothschild LLP, and that on the 16th day of September 2022, a copy of the foregoing **RULE 26(a)(1) DISCLOSURES** was served via electronic mail to the party as indicated below:

Jeffrey L. Hartman Esq.
notices@bankruptcyreno.com

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of September 2022.

*/s/ Marcia L. Steen*
An employee of Fox Rothschild LLP

4

137703397.1

Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. # 1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
mmurphy@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re

DOUBLE JUMP, INC.

      Debtor.

Lead Case No.: BK-19-50102-gs
(Chapter 7)
Substantively Consolidated with:

| 19-50130-gs | DC Solar Solutions, Inc. |
|---|---|
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

CHRISTINA W. LOVATO,

      Plaintiff,

v.

AHERN RENTALS, INC. and XTREME
MANUFACTURING, LLC,

      Defendants.

Adversary No.: 21-05027-gs

**TRUSTEE'S RULE 26(a)(1)(A) INITIAL DISCLOSURES**

    Christina W. Lovato, the duly appointed and acting chapter 7 trustee ("***Trustee***") for the above-captioned substantively consolidated estates of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. (together, the "***Debtors***" or "***DC Solar***"), serves her *Fed. R. Civ. P.* 26(a)(1)(A) Initial Disclosures. These disclosures are

1

**EXHIBIT 2**

based upon information presently available to the Trustee, and the Trustee reserves the right to supplement her disclosures as provided in *Fed. R. Civ. P.* 26(e) based on further investigation and discovery.

The Trustee makes these disclosures without waiving in any way: (1) the right to object on any basis permitted by law to the use of such information, for any purpose, in whole or in part; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or related to the subject matter of these initial disclosures.

All of the following disclosures are made subject to the above objections and qualifications.

**I.**   **Disclosures Required By *Fed. Civ. P.* 26(a)(1)(A)(i)**

The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the Plaintiff may use to support his claims or defenses, unless the use would be solely for impeachment.

| NAME | ADDRESS AND TELEPHONE NUMBER | SUBJECT OF INFORMATION |
|---|---|---|
| Jeffrey Carpoff | 13777 Air Expressway Blvd. Victorville, CA 92394 Telephone (760) 530-5700 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Paulette Carpoff c/o William J. Portanova, Esq. | Portanova & Associates Wells Fargo Center 400 Capitol Mall, Suite 1100 Sacramento, CA 95814 Telephone (916) 444-7900 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Robert A. Karmann c/o Katharine Kates, Esq. | Ramsey & Ehrlich, LLP 803 Hearst Avenue Berkeley, CA 94710 Telephone (510) 548-3600 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Ronald J. Roach c/o Christian E. Picone, Esq. | Berliner Cohen LLP 10 Almaden Blvd., 11th Floor San Jose, CA 95113 Telephone (408) 286-5800 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Joseph W. Bayliss c/o Christopher D. Hughes | Nossaman LLP 621 Capitol Mall, Suite 2500 Sacramento, CA 95814 (916) 442-8888 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |

| NAME | ADDRESS AND TELEPHONE NUMBER | SUBJECT OF INFORMATION |
|---|---|---|
| Ryan Guidry c/o Robert M. Wilson, Esq. | Law Offices of Robert M. Wilson 770 L Street, Suite 950 Sacramento, CA 95814 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Ari Lauer, Esq. | Law Offices of Ari J. Lauer 2125 Oak Grove Road Suite 210 Walnut Creek, CA 94598 Telephone (925) 933-7012 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Scott Wentz c/o Oganna Brown, Esq. | Lewis Roca LLP One E. Liberty Street Suite 300 Reno, Nevada 89501 Las Vegas, Nevada 89169 Telephone (775) 823-2900 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Christina W. Lovato, as Trustee, c/o Michael Budwick, Esq. | Meland Budwick, P.A. 200 South Biscayne Blvd., Suite 3200 Miami, Florida 33131 Telephone (305) 358-6363 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Defendants c/o Mark J. Connot, Esq., Kevin M. Sutehall, Esq., Colleen E. McCarty, Esq., and Kevin McCarrell, Esq. | Barnes & Thornburg LLP 11 South Meridian Street Indianapolis, IN 46204 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Don Ahern c/o Mark J. Connot, Esq., Kevin M. Sutehall, Esq., Colleen E. McCarty, Esq., and Kevin McCarrell, Esq. | Barnes & Thornburg LLP 11 South Meridian Street Indianapolis, IN 46204 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Evan Ahern c/o Mark M. Weisenmiller, Esq. | Garman Turner Gordon LLP 7251 Amigo Street, Suite 210 Las Vegas, Nevada 89119 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Employees of the Defendants c/o Mark J. Connot, Esq., Kevin M. Sutehall, Esq., Colleen E. McCarty, Esq., and Kevin McCarrell, Esq. | Barnes & Thornburg LLP 11 South Meridian Street Indianapolis, IN 46204 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |

| NAME | ADDRESS AND TELEPHONE NUMBER | SUBJECT OF INFORMATION |
|---|---|---|
| King Solarman, Inc. c/o Kathryn S. Diemer, Esq. | Diemer & Wei, LLP 55 S Market Street Suite 1420 San Jose, CA 95113 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Chiang Lian Cung a/k/a Michael Cung c/o Kathryn S. Diemer, Esq. | Diemer & Wei, LLP 55 S Market Street Suite 1420 San Jose, CA 95113 | Knowledge of DC Solar and of transfers and interactions between DC Solar and the Defendants. |
| Solar Eclipse Fund IX c/o Lisa Schweitzer, Esq. Kylie Huff, Esq. | Cleary Gottlieb One Liberty Plaza New York, NY 10006 | Knowledge of DC Solar and of interactions between DC Solar and the Defendants. |
| Other former DC Solar Employees | | Knowledge of DC Solar. |
| Stoel Rives LLP c/o Gary Barnum, Esq. | 600 University Street, Suite 3600 Seattle, WA 98101 | Knowledge of the Defendants and of interactions between DC Solar and the Defendants. |
| Michael Guenin c/o Tom Godfrey, Esq. | tgodfrey@kmhsystems.com | Knowledge of the Defendants, DC Solar, and of interactions between DC Solar and the Defendants. |
| Radian Generation, LLC c/o Matthew Roberts, Esq. | Troutman Pepper Hamilton Sanders LLP 600 Peachtree Street NE, Suite 3000 Atlanta, GA 30308-2216 | Knowledge of DC Solar, and of interactions between DC Solar and the Defendants. |

In addition to what is stated above, each of the above listed witnesses may have discoverable information related to the allegations in the *Adversary Complaint* [Adv. ECF No. 1].

In addition to the foregoing, the Trustee includes in her Initial Disclosures all of the following:

1.    Individuals listed on Defendants' Rule 26 disclosures.

2.    Other individuals to be learned through discovery.

3.    Individuals to be used for rebuttal and impeachment purposes.

4.    To the extent the Trustee uses a testifying expert witness(es), the Trustee will supply all required associated information at the appropriate time.

The Trustee expressly reserves its right to modify or supplement the above list based

4

upon investigation and discovery in this matter, which is ongoing, and to identify other individuals as necessary or appropriate.

**II.**     **Disclosures Required By** *Fed. R. Civ. P.* **26(a)(1)(A)(ii)**
A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the Plaintiff has in his possession, custody, or control and that the Plaintiff may use to support his claims or defenses, unless the use would be solely for impeachment.

1.     Documents obtained from the Debtors and other third-parties, whether formally or informally, through discovery, subpoena, the Debtors or their affiliates or other sources of production and information. These are in the possession of the Trustee or her professionals. Some documents may have already been provided to the Defendants.

2.     Documents obtained from the Defendant and/or its agents.

**III**.    **Disclosures Required By** *Fed. R. Civ. P.* **26(a)(1)(A)(iii)**
A computation of any category of damages claimed by the Plaintiff, making available for inspection and copying as under *Fed. R. Civ. P.* 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

*See* Adversary Complaint. The documents and other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, will be made available for inspection and copying during the course of discovery.

**IV.**     **Disclosures Required By** *Fed. R. Civ. P.* **26(a)(1)(A)(iv)**
For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

DATED: September 8, 2022.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq., Attorney for Plaintiff
Christina W. Lovato

**MELAND BUDWICK, P.A.**

*/s/ Solomon B. Genet*
Michael S. Budwick, Esq., Admitted Pro Hac Vice
Solomon B. Genet, Esq., Admitted Pro Hac Vice
James C. Moon, Esq., Admitted Pro Hac Vice
Meaghan E. Murphy, Esq., Admitted Pro Hac Vice
Gil Ben-Ezra, Esq., Admitted Pro Hac Vice
Alexander E. Brody, Esq., Admitted Pro Hac Vice
*Attorneys for Plaintiff Christina W. Lovato*

## CERTIFICATE OF SERVICE

I certify that on September 8, 2022, I caused the document listed below to be served:

**TRUSTEE'S RULE 26(a)(1)(A) INITIAL DISCLOSURES**

I caused to be served the above-named document(s) as indicated below:

✔ a.  Via Electronic Mail to:

Mark J. Connot, Esq.
Kevin M. Sutehall, Esq.
Colleen E. McCarty, Esq.
Kevin McCarrell, Esq.
mconnot@foxrothschild.com
ksutehall@foxrothschild.com
cmccarty@foxrothschild.com
kmccarrell@foxrothschild.com

Dated: September 8, 2022.

**MELAND BUDWICK, P.A.**

*/s/ Solomon B. Genet*
Solomon B. Genet, Esq.

7