MARK J. CONNOT, Esq., NV Bar No. 10010
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Ls Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: MConnot@foxrothschild.com

*Attorneys for Defendants Ahern Rentals, Inc.*
*and Xtreme Manufacturing, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor.<br><br>CHRISTINA W. LOVATO, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>AHERN RENTALS, INC. and XTREME MANUFACTURING, LLC,<br><br>Defendants. | Lead Case No. BK-19-50102-gs<br>(Chapter 7)<br><br>Substantively consolidated with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \|<br><br>Adversary No.: 22-05001-gs<br><br>**DEFENDANTS' RESPONSE TO TRUSTEE'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANTS' NOTICE OF DEPOSITION OF TRUSTEE PURSUANT TO F.R.C.P. 30(b)(6) [ECF No. 75]**<br><br>Date of Hearing: June 29, 2023<br>Time of Hearing: 9:30 a.m. |

Defendants, Ahern Rentals, Inc. ("Ahern Rentals") and Xtreme Manufacturing, LLC ("Xtreme") (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby submit their Response in Opposition to the Motion for Protective Order Regarding Defendants' Notice of Deposition of Trustee Pursuant to F.R.C.P. 30(b)(6) [ECF No. 75] (the "Reply," "Opposition" and "Motion," respectively) filed by Plaintiff, Christina W. Lovato, Trustee ("Plaintiff" or "Trustee").

This Response is made and based on the following Memorandum of Points and Authorities, the pleading and papers already on file herein, and any argument permitted by the Court at the hearing of this matter.

Dated this 15th day of June, 2023.

**FOX ROTHSCHILD LLP**

By: /s/ *Mark J. Connot*
MARK J. CONNOT
mconnot@foxrothschild.com
1980 Festival Plaza Drive, Suite 700
Ls Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
*Attorneys for Defendants Ahern Rentals, Inc. and Xtreme Manufacturing, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In her Motion, the Trustee seeks to avoid complying with Rule 30(b)(6), which requires her, as the Trustee of the bankruptcy estate entity, to testify (or designate another person to testify) regarding certain topics identified by Defendants. The Trustee suggests that her Adversary Complaint is a "straightforward" action seeking to avoid and recover transfers. To the contrary, the 33-page Complaint is a sprawling set of allegations alleging a complex, tax-credit based Ponzi scheme by the Debtors and accusing Defendants' representatives of a host of alleged nefarious and "deviant" conduct (e.g. having a family BBQ with the Debtor's principal), in which she seeks to recover over $33 million from Defendants.

The Trustee suggests that, rather than educating herself or a designee as required by Rule 30(b)(6), Defendants' sole source of information should be the DC Solar former employees, many of whom are behind bars and are purported to be pathological liars. Without any projection of the anticipated cost of educating herself or a designee, the Trustee submits that it is too expensive to become educated on the facts of the case that she authorized her attorneys to file in which she demands that Defendants pay her over $33 million.

As the Trustee's counsel has now deposed several of Defendants' key representatives, she should now be aware that Defendants were not "there" in the sense that they were not participants

in the Ponzi scheme allegedly perpetrated by the Debtors. Defendants are entitled to fully understand the facts and allegations leveled at them by the Trustee, and if the Trustee has no grasp of the facts underlying the Complaint she authorized her attorneys to file, then she or a designee should be required to become familiar.

## LEGAL ARGUMENT

### I. The Plain language of F.R.C.P. 30(b)(6) permits a deposition of any entity, including a bankruptcy estate.

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Therefore, the rule specifically includes within its ambit "other entities" besides corporations and other types of entities listed within the text of the rule. The bankruptcy estate is an "entity" subject to a Rule 30(b)(6) deposition, and the Trustee must designate one or more persons to testify on the estate's behalf.

In *In re Montreal Maine & Atl. Ry., Ltd.*, 608 B.R. 1, 4 (Bankr. D. Me. 2019), the plaintiff was a post-effective date representative appointed pursuant to a confirmed plan. The plaintiff had been "given the power of a chapter 11 trustee and the sole office of [the debtor] to prosecute any action, such as this adversary proceeding, to carry out the provisions of the Plan." When the defendant in the adversary proceeding served a 30(b)(6) notice, the estate representative filed a motion for protective order. The bankruptcy court denied the motion, finding that the estate "has a distinct and independent existence and which is encompassed within the scope of Rule 30(b)(6)."

In this case, a Chapter 7 estate was created by the filing of the petition, that is a separate and distinct entity from the Debtors. 11 U.S.C. § 541 ("The commencement of a case under section 301, 302, or 303 of this title creates an estate"); *In re Lucre, Inc.*, 434 B.R. 807, 832 (Bankr. W.D. Mich. 2010)("A bankruptcy estate is a **legal entity** that exists separate and apart from the petitioning debtor. As for the estate's trustee or debtor-in-possession, they are simply the representatives through which this fictional entity is able to act. An apt comparison is between a corporate entity and its officers and directors.")(emphasis added); *In re Easterday Ranches, Inc.*, 647 B.R. 236, 247 (Bankr. E.D. Wash. 2022)("A bankruptcy filing creates a **distinct legal entity** or 'estate,' which consists of a defined res to be administered during the bankruptcy case.")(emphasis added). The Plaintiff is a Chapter 7 Trustee who, by statute, has the exclusive authority to file lawsuits on behalf of the Chapter 7 estate. 11 U.S.C. § 323; *see also*, *e.g.*, *In re Louden*, 106 B.R. 109, 112 (Bankr. E.D. Ky. 1989)(" It is the trustee and only the trustee who may, in the exercise of his sound judgment and discretion, attempt to reduce to judgment causes of action which are property of the debtors' estate."). Therefore, the Chapter 7 Trustee serves the same purpose as the estate representative in *In re Montreal Maine & Atl. Ry., Ltd.*, and the Maine bankruptcy court's decision's logical and sound reasoning proves persuasive in this case. Moreover, the plain language of Rule 30(b)(6) includes any "entity," and the bankruptcy code and case law are clear that a bankruptcy estate is a separate and distinct legal entity from the Debtor.

**II.     The Trustee's burden of educating herself about her own case is more than proportional to the relief she is requesting.**

The Trustee argues that it would be too burdensome to require her or a designee to prepare for a Rule 30(b)(6) deposition because she has "never 'had the privilege of using the corporate form to do business,'" and therefore, should not bear the accompanying burdens. However, as noted in *In re Lucre, Inc., supra,* a trustee's relationship to the bankruptcy estate is an "apt comparison" to a corporation and its officers. *Id.* at 832. Like a corporate officer, who uses the corporate form to shield himself from liability, a bankruptcy trustee invokes the *Barton* doctrine to shield herself from personal liability. *See e.g.*, *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012)("The *Barton* doctrine serves the principle that a bankruptcy trustee 'is an officer of the court that appoints him,'

FOX ROTHSCHILD LLP
Attorneys at Law
Chester County

146210758.1

and therefore that court 'has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties.'"). Notably, the Trustee in this case does not sue in her individual capacity, but "in her capacity as Chapter 7 Trustee." *See* Complaint.

The court in *In re Montreal Maine & Atl. Ry., Ltd.* rejected the same arguments being made by the Trustee in this case, holding the "fact that the plaintiff claims to lack sufficient knowledge to testify about these topics does not relieve him from the obligation to identify the appropriate person to be deposed." *Id.* at 6. As in the instant case, the MMA trustee sought a significant (more than $50 million) recovery from the Defendant. The court included an extensive quote from the *Wright & Miller* treatise:

> The goal of the Rule 30(b)(6) requirement is to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter... There is no obligation to select a person with personal knowledge of the events in question, but there is an obligation to proffer a person who can answer regarding "information known or reasonably available to the organization." ... Thus, unlike all other depositions, there is an implicit obligation to prepare the witness. As specified in the rule, this preparation is not limited to matters of which the witness has personal knowledge but extends to all information reasonably available to the responding organization. That obligation can present difficulties when the events in question occurred long ago, or when there have been significant changes in corporate personnel (due, sometimes, to such corporate transactions as mergers and the like) resulting in the departure from the company's employ of all those who knew about the events in question.

Therefore, the court acknowledged that there can be "difficulties" when events occurred long ago or the corporate representatives at the time are no longer available. Yet, the court found that such difficulties did not absolve the bankruptcy estate representative of the obligation to comply with Rule 30(b)6). The court noted that the bankruptcy estate representative could decide to familiarize himself with the facts and testify, or alternatively, if he determined he "does not have the knowledge necessary to designate himself as the key person for a particular topic, he is in the position to access the information by which he could familiarize himself with such topics or to identify the appropriate witness to be deposed for such topics." *Id.* at 6.

For a contrary position, the Trustee relies on *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-RWZ, 2015 WL 13715289, at *1 (D. Mass. July 31,

2015), which is a multi-district litigation regarding personal injury and wrongful death claims arising out of the Debtors' involvement in the manufacture of steroids. Importantly, in *NECP*, the Debtors were defendants. The court noted that the appointed trustee was seeking to "marshal assets [of the Debtor] for distribution to creditors, including the victims . . . ." *Id.* The trustee was not the party seeking affirmative relief in the litigation. On the other hand, in the instant case, the Trustee is seeking to recover over $33 million from Defendants, and the equities balance in favor of requiring the Trustee to incur the burden of preparing for a Rule 30(b)(6) deposition.

### III. Rule 26(a)(1) requires disclosures of individuals known to have knowledge, not anticipated Rule 30(b)(6) depositions.

Rule 26(a)(1)(A)(i) provides that, at the outset of the case, the parties must provide "the name and, if known, the address and telephone number of each ***individual*** likely to have discoverable information . . . ." (emphasis added). The plain language of the rule requires the disclosure of individuals, <u>not</u> corporations or entities, that may have personal knowledge about the facts of the case.

The Trustee's Motion makes clear that she disclaims having personal knowledge about the facts of the case, and Defendants have not requested to depose the Trustee in her individual capacity. In fact, personal knowledge by a Rule 30(b)(6) designee is not a requirement at all. *See e.g.*, *In re Enron Creditors Recovery Corp.*, 376 B.R. 442, 455–56 (Bankr. S.D.N.Y. 2007)("In responding to a request for a Rule 30(b)(6) deponent, a corporation is not required to make available all individuals with knowledge of the topics at issue. Further, the Rule 30(b)(6) deponent is not required to have personal knowledge of the facts. Rather, in preparation for the deposition, a Rule 30(b)(6) deponent must 'educate himself as to the matters regarding the corporation' that are known or reasonably available to the corporation.")(citations omitted).

The only case cited by the Trustee in support of its contention that Defendants should have disclosed the Trustee as a Rule 30(b)(6) witness in its Rule 26(a)(1) disclosures is *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007). However, *Wilkins* had nothing to do with Rule 30(b)(6) witnesses. Rather, *Wilkins* addresses failure to disclose witnesses until the eve of trial and the prejudice to the other party when doing so. As noted in Wilkins, "[a] court, however, may treat

the failure to disclose witness information as harmless 'if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before trial.'" Even if it were a requirement to set forth anticipated Rule 30(b)(6) depositions within Rule 26(a)(1) disclosures, which it is not, the Trustee's bare assertion that she would be "prejudiced" fails where the parties are in the midst of fact discovery and trial is months away.

### IV. The fact that the Trustee's attorneys conjured up the claims leveled at Defendants does not insulate the Trustee from learning the facts.

The Trustee suggests that taking a Rule 30(b)(6) would "necessarily be intertwined with Trustee's counsel's work product," yet beyond the bare assertion, there has been no showing that such is the case. In fact, in *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1327–28 (M.D. Fla. 2011), the court expressly rejected the arguments made by the Trustee here. In *Kramer*, the Securities and Exchange Commission sought to enjoin a broker from violating registration requirements. When the defendant served a Rule 30(b)(6) deposition notice, the Commission refused to submit, and the defendant filed a motion to compel, which was denied by the magistrate. The district court overturned the magistrate, finding that the defendant had the right to take a 30(b)(6) deposition, holding as follows:

> "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979). A party typically faces much greater difficulty establishing a basis for prohibiting a deposition, because "the need for protection usually cannot be determined before the examination begins, and a motion can be made if any need for protection emerges during the course of the examination." CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS, 8A FEDERAL PRACTICE & PROCEDURE § 2037 (3d ed.); *S.E.C. v. Dowdell*, 2002 WL 1969664, *2 (W.D.Va.2002). Furthermore, "the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (stating that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). If, however, "the examination is being conducted in bad faith or in such a manner as to annoy, embarrass[,] or oppress the person subject to the inquiry," a limitation arises. 329 U.S. at 507–08, 67 S.Ct. 385. "[F]urther limitations come into existence when the

FOX ROTHSCHILD LLP
Attorneys at Law
Chester County

146210758.1

> inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." 329 U.S. at 507–08, 67 S.Ct. 385.
>
> In this instance, Magistrate Judge McCoun relied upon the Commission's assertion that, because Commission counsel lacked "independent knowledge" of the facts and because only Commission counsel worked on the case, a deposition of the Commission would necessarily intrude upon the work product and deliberative process privileges. Kramer, however, sought to discover only the facts underlying the claim against him and not the mental impressions of Commission counsel. Rule 30(b)(6) contains no requirement that Kramer first seek by other means of discovery the facts underlying the claim against him. Under Rule 30(b)(6), the Commission could designate any person (i.e., someone other than counsel) to depose in response to Kramer's request. To the extent that Kramer's subsequent examination sought either the work product or mental impression of Commission counsel, the Commission's designated deponent retained the right to refuse to answer on the basis of privilege. Permitting the Commission in this instance to assert a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege.

As in *Kramer*, the Trustee here seeks to assert a blanket claim of privilege, thus seeking to deprive Defendants of a primary means of discovery. Defendants have given no indication that they seek the work product or mental impressions of Trustee's counsel, nor have Defendants suggested that they should depose opposing counsel, as proposed by Trustee in her motion. If an issue arose as to attorney-client privilege in the course of a deposition, it could be addressed at that time. Defendants seek to learn the facts underlying the claims leveled at them, and whether or not the Trustee has "independent knowledge" is irrelevant to the Rule 30(b)(6) analysis. Moreover, merely because the Trustee's counsel "investigated" the facts on behalf of the Trustee, before attempting to shove the facts into a legal theory of liability against Defendants, does not convert the underlying facts to attorney-client privileged information. The Trustee's bare assertion of a blanket privilege is as unavailing here as it was in *Kramer*.

Furthermore, as pointed out by the court in *Kramer*, Rule 30(b)(6) contains no requirement that Defendants exhaust other means of discovery before seeking a Rule 30(b)(6) deposition. Therefore, the Trustee's assertion that Defendants must resort to deposing a convicted felon is likewise unavailing.

**V.     The topics propounded by Defendants are tailored to the facts alleged in the Complaint.**

Finally, the Trustee argues that the topics propounded by Defendants in the 30(b)(6) notice[1] are "overbroad" and "oppressive." While Defendants are willing to work with the Trustee as appropriate to narrow potential topics, the thrust of the Trustee's argument is a blanket objection to a Rule 30(b)(6) deposition, and thus, no meaningful discussion has taken place between the parties on narrowing topics to date. Nonetheless, the Trustee sets forth a series of complaints about the proposed topics, which Defendants will seek to partially address here.

First, the Trustee claims that the 33 topics taking up less than three double-spaced pages are "too many." Incidentally, the math works out to one topic per page of the Complaint, or alternatively, one topic per $1 million demanded by the Trustee. Moreover, compared to the case law relied on by the Trustee, the amount of verbiage, measured by pages, is mild. *See e.g.*, *Reno v. W. Cab Co.*, No. 218CV00840APGNJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020)(finding 18 pages of topics in the Rule 30(b)(6) deposition notice served in this case is excessive and unreasonable given the circumstances of this case . . . .); *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *9 (C.D. Cal. Oct. 26, 2016)(finding 12 pages of topics in 30(b)(6) notice was too lengthy). The majority of the deposition topics are directly tied to the allegations of the Complaint. To the extent the Trustee is now alleging that its case is "straightforward," Defendants would consent to the Trustee amending its voluminous Complaint to eliminate extraneous facts and accusations against Defendants and to withdraw non-viable claims.

Secondly, the Trustee asserts that the topics are overbroad and argues in multiple instances that Defendants should be required to resort to contention interrogatories, rather than the proposed deposition topics, such that Trustee's counsel can govern and control the responses that are given. However, depositions provide an immediate opportunity for follow up questions and requests for clarity, rather than waiting 30 days for an interrogatory response, before running out of time to complete fact discovery to then ask follow-up questions.

---

[1] Defendants' Notice of Deposition of Plaintiff Christina W. Lovato, Trustee Pursuant to Bankruptcy Rule 7030(B)(6) and Federal Rule of Civil Procedure 30(B)(6) can be reviewed in full at Docket No. 75 filed on March 28, 2023.

FOX ROTHSCHILD LLP
Attorneys at Law
Chester County

146210758.1

Defendants agree with Trustee's initial assertion that the Court need not examine each topic, yet are compelled to respond to certain specific items raised by the Trustee:

- With respect to the Trustee's argument that topics regarding "your" knowledge meaning the Trustee's individual knowledge, the Definitions section of the deposition notice specifically defines "you" or "your" to mean Ms. Lovato, as Trustee, to include her employees, agents, etc. Therefore, the topics are intended to address knowledge available to the estate, as an entity.

- With respect to the Trustee's argument that Topics 29 and 30 are improper on relevancy grounds, these topics relate to third-party entities King Solarman, Inc. and KMH Systems, Inc. In paragraph 44 of the Complaint, the Trustee alleges that "Carpoff arranged for Ahern Rentals and another company – KMH Systems, Inc." to help him conceal lack of lease revenue. Moreover, in the Trustee's discovery requests, she asked Defendants regarding any relationship with King Solarman, Inc.. It is apparent that the Trustee finds these topics relevant.

- With respect to the Trustee's argument as to the relevancy of : (i) Debtor's legitimate business operations or (ii) insiders of the Debtors who did not participate in the alleged Ponzi Scheme , the Trustee acknowledged in her oft-cited Omnibus Motion for Partial Summary Judgment Seeking Determination of a Ponzi Scheme [Docket No. 15] that the so-called "Ponzi Presumption," to the extent it applies at all, applies only to transfers made "related to or in furtherance of" a Ponzi Scheme. To meet her burden of showing a transfer was made in furtherance of the Ponzi Scheme, she would have to show that such transfer was not related to the "legitimate business operations" of the Debtors acknowledged in paragraph 7 of the Complaint. Therefore, these are certainly relevant topics.

Regardless of the parties' disputes on specific topics, Defendants request that the Court direct the Trustee to participate in a Rule 30(b)(6) deposition and allow the parties to work through any disputes on the topics.

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion for Protective Order.

Dated this 15th day of June, 2023.

**FOX ROTHSCHILD LLP**

By: /s/ Mark J. Connot
MARK J. CONNOT
mconnot@foxrothschild.com
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
*Attorneys for Defendants Ahern Rentals, Inc. and Xtreme Manufacturing, LLC*

FOX ROTHSCHILD LLP
Attorneys at Law
Chester County

11

146210758.1

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Fox Rothschild LLP and that on the 15th day of June, 2023, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **Defendants' Response To Trustee's Motion For Protective Order Regarding Defendants' Notice Of Deposition Of Trustee Pursuant To F.R.C.P. 30(b)(6)** via the Court's CM/ECF system, as follows:

ALEXANDER E. BRODY on behalf of Plaintiff CHRISTINA W. LOVATO
abrody@melandbudwick.com, ltannenbaum@melandbudwick.com; ltannenbaum@ecf.courtdrive.com; mrbnefs@yahoo.com

MICHAEL S. BUDWICK on behalf of Plaintiff CHRISTINA W. LOVATO
mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com; ltannenbaum@ecf.courtdrive.com

MARK J. CONNOT on behalf of Defendant AHERN RENTALS, INC.
mconnot@foxrothschild.com, dloffredo@foxrothschild.com

MARK J. CONNOT on behalf of Defendant XTREME MANUFACTURING, LLC
mconnot@foxrothschild.com, dloffredo@foxrothschild.com

SOLOMON B. GENET on behalf of Plaintiff CHRISTINA W. LOVATO
sgenet@melandbudwick.com, ltannenbaum@melandbudwick.com; ltannenbaum@ecf.courtdrive.com

JEFFREY L HARTMAN on behalf of Plaintiff CHRISTINA W. LOVATO
notices@bankruptcyreno.com, abg@bankruptcyreno.com

CHRISTINA W. LOVATO  trusteelovato@att.net, NV26@ecfcbis.com

M. KEVIN MCCARRELL on behalf of Defendant AHERN RENTALS, INC.
kmccarrell@foxrothschild.com

M. KEVIN MCCARRELL on behalf of Defendant XTREME MANUFACTURING, LLC
kmccarrell@foxrothschild.com

MEAGHAN E. MURPHY on behalf of Plaintiff CHRISTINA W. LOVATO
mmurphy@melandbudwick.com

                                                           */s/ Angela Hosey*
                                                           An employee of Fox Rothschild LLP

146210758.1