Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com

Michael S. Budwick, Esq. #938777 – Admitted *Pro Hac Vice*
Solomon B. Genet, Esq. #617911 – Admitted *Pro Hac Vice*
Meaghan E. Murphy, Esq. #102770 – Admitted *Pro Hac Vice*
Gil Ben-Ezra, Esq. #118089 – Admitted *Pro Hac Vice*
Alexander E. Brody, Esq. # 1025332 – Admitted *Pro Hac Vice*
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
mbudwick@melandbudwick.com
sgenet@melandbudwick.com
mmurphy@melandbudwick.com
gbenezra@melandbudwick.com
abrody@melandbudwick.com

Attorneys for Christina W. Lovato, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re<br><br>DOUBLE JUMP, INC.<br><br>    Debtor. | Lead Case No.: BK-19-50102-gs<br>(Chapter 7)<br>Substantively Consolidated with:<br><br>| 19-50130-gs | DC Solar Solutions, Inc. |<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \| |
| --- | --- |
| CHRISTINA W. LOVATO,<br><br>    Plaintiff,<br>v.<br><br>AHERN RENTALS, INC. and XTREME MANUFACTURING, LLC,<br><br>    Defendants. | Adversary No.: 22-05001-gs<br><br>**TRUSTEE'S REPLY IN SUPPORT OF TRUSTEE'S MOTION FOR PROTECTIVE ORDER [ECF No. 81] AND IN RESPONSE TO DEFENDANTS' RESPONSE [ECF No. 87]**<br><br>Hearing:  **June 29, 2023**<br>Time:      **9:30 a.m.** |

1

Christina Lovato, the trustee ("*Trustee*") for the chapter 7 estates of DC Solar Solutions, Inc., DC Solar Distribution, Inc., DC Solar Freedom, Inc., and Double Jump, Inc. (together, "*DC Solar*") files her reply in support of her motion to for protective order [ECF No. 81] ("*Motion*") and in response to Defendants' response [ECF No. 87]. In support, the Trustee states as follows.

## I.     **Introduction**

The Trustee will sit for a R. 30(b)(1) deposition. However, the Defendants have no right to a R. 30(b)(6) deposition of the Trustee, especially in these circumstances, and even more especially given the overbroad and excessive Topics.

- The Trustee is not subject to a R. 30(b)(6) deposition per the Rule's plain language.

- The Trustee did not gain the benefit of the corporate form and should not have to sit for a R. 30(b)(6) deposition which is an accompanying burden to that benefit.

- R. 30(b)(6) is not designed to be a memory contest, which is all the Defendants will get from such a deposition.

- The Defendants have taken zero other depositions in this Adversary and should not be permitted to place the entire burden on the Trustee.

- The Topics are overly broad, excessive, disproportional, not reasonably calculated to achieve the R. 30(b)(6) goals, and should be stricken in any event.

    - The Trustee appreciates the Defendants' willingness to further confer on the Topics, which the Trustee addresses below.

The Defendants state that the Trustee's position is that "the Defendants' sole source of information should be the DC Solar former employees, many of whom are behind bars …". Response, pg. 2:23-24. This is inaccurate.

- The Defendants can depose the Trustee under R. 30(b)(1).

- The Defendants have the detailed Plea Agreements and the Davis Report,[1] which the Trustee intends to utilize in connection with the Ponzi Presumptions of "actual intent" and "insolvency," and which includes a financial reconstruction and identifies the documents Ms. Davis considered in support.

- The Defendants have asked for and been provided with a significant number of documents after "search terms" were agreed-upon, as well as other documentary discovery. The

---

[1] "*Davis Report*" means the expert report of Melissa Davis, CPA, CFE, CIRA [ECF No. 17].

2

> Defendants have served other written discovery on the Trustee which the Trustee has responded to. The Defendants can serve other written discovery.

- The Defendants have access to (1) the incarcerated individuals for deposition, equal to the Trustee, and (2) their own employees, better than the Trustee; and (3) other third parties, equal to the Trustee.

The Trustee has taken six depositions in this Adversary and intends to take a few more. The Defendants, on the other hand, have taken zero depositions. The Defendants cannot place the entire burden-of-memorization on the Trustee, an after-the-fact fiduciary who was not "there" at the time.

## II.     The Plain Language of Rule 30(b)(6) and the *Montreal* Decision

The plain language of R. 30(b)(6) does not allow for the deposition of the Trustee – an individual. The Defendants rely on *In re Montreal Maine & Atl. Ry., Ltd.,* 608 B.R. 1 (Bankr. D. Me. 2019), which is distinguishable, and respectfully and in part, wrongly decided.

<u>First</u>, R. 30(b)(6) is clear that it applies only to an "entity" or "organization" - the Trustee is neither. Respectfully, *Montreal*'s analysis does not adequately address the Trustee's argument that: (1) the Rule must be interpreted by its plain language; and (2) rules of interpretation arising from the differing language contained in R. 30(b)(6) & 30(a)(1). Motion, pg. 4.

<u>Second</u>, *Montreal* dealt with a post confirmation chapter 11 trustee of an estate where the "Plan and Confirmation Order" provided that the trustee "was appointed the sole officer and director of MMA to serve in accordance with MMA's certificate of incorporation and bylaws …". That is a very different situation. Here, the Trustee did not contractually accept her role as an officer and director per any corporate bylaws. The Trustee is a chapter 7 trustee, her duties are governed by Section 704 of the Code, and she is neither an "entity" nor an "organization" within the plain language of R. 30(b)(6).

<u>Third</u>, the Defendants did not notice the "chapter 7 estate" as a R. 30(b)(6) deponent in their Notice (only the Trustee) and may not change their court papers through briefing.

## III.     *Koken v. Lederman*, 2001 WL 34368781, *1 (E.D. Pa. Oct. 25, 2001)

The Defendants ignore many of the Trustee's arguments, but the Trustee raises again *Koken v. Lederman*, 2001 WL 34368781 (E.D. Pa. Oct. 25, 2001) – not even cited in the

Defendants' response – briefly. There, the plaintiff was an individual suing in his capacity as the liquidator of a defunct insurance company (equivalent to a bankruptcy trustee[2]) and the defendants sought his Rule 30(b)(6) deposition. The district court held:

> **In the circumstances of this litigation**, in which the plaintiff is a public official acting in her capacity as liquidator of a defunct insurance company, and in which the plaintiff and her subordinates have no firsthand knowledge of the affairs of the defunct insurance company, the use of Rule 30(b)(6) depositions is inappropriate. Persons designated pursuant to that rule, having no firsthand knowledge, would need to be prepared in advance for such depositions, with the result that the depositions would inevitably invade the work-product privilege. The preferable course, in my view, is to employ contention interrogatories.

(emphasis added).

The same reasoning and conclusion is appropriate here, and there is "good cause" for the issuance of a protective order. "[T]he circumstances of **this** litigation" include as follows:

- The Trustee will sit for a R. 30(b)(1) deposition and can answer questions from her personal knowledge.
- The Defendants can serve contention interrogatories, including on the Topics.
- The Defendants can depose others, who were "there."
- The Defendants can read the Plea Agreements.
- The Defendants can read the Davis Report.
- The Defendants can speak with their own clients and their own employees, and others in informal or formal discovery.
- The deposition – especially when examining the Topics – will necessarily invade the Trustee's and her professionals' protected work product and privilege.
- A R. 30(b)(6) would be a tremendous burden on the Trustee.

### IV.    This is a Straightforward Action

The Trustee has brought avoidance claims – not tort claims. The Trustee's elements of her case-in-chief are straightforward and mandated by statute (like the Defendants' defenses). Indeed, the Trustee has already provided the Defendants with the Davis Report, her theory of the case, and her intention to use the Ponzi Presumptions of insolvency and actual intent at summary judgment (and if necessary, at trial) to prove the applicable statutory requirements.[3]

---

[2] *See generally F.D.I.C. v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995).

[3] The Trustee notes that she does not need to prove "in furtherance of," but only "related" or "connected" to the Ponzi scheme, to be entitled to the Ponzi Presumption of Actual Intent. *See e.g., Goldsmith v. Zazzali as Trustee*, 814 F. App'x 279, 280 (9th Cir. 2020) affirming 2019 WL

On the other hand, the Defendants have the burden to prove their value and good faith defenses under 11 U.S.C. § 548(c). While the Trustee's Complaint included allegations based on a pre-suit investigation into the facts, the burden of these defenses (value and good faith) is on the Defendants. That certain items were included in the Complaint to provide context for the suit does nothing to show the appropriateness of a R. 30(b)(6) deposition.

### V.  The Trustee Gained None of the Benefits Which Balance the Appropriateness of the Well-Established Burdens of a R. 30(b)(6) Deposition

In the Motion, the Trustee explained the well-established burdens of a R. 30(b)(6) and that they are appropriate because of the need to balance against the benefits an entity by operating through a corporate / entity shield. The Trustee did not obtain those benefits and should not suffer those burdens. Motion, pg. 4-6.

This is especially true where the Trustee:

- Will sit for a 30(b)(1) deposition.
- Has answered and will answer written discovery.
- Has turned over large amounts of documents and information.
- The Plea Agreements are before the Court and in the Defendants' possession.
- The Davis Report was filed with the Court.
- The Trustee was not "there" at the time.
- The clear invasion into work product and privilege.

There simply is no reason to subject the Trustee to the burden of a Rule 30(b)(6) deposition, and there is good cause for a protective order.

### VI.  A Rule 30(b)(6) Deposition is Not a Memory Contest

The Defendants repeatedly expand the Trustee's argument into a strawman and then seek to knock that strawman down. This is a logical fallacy[4] and should be rejected.

---

13240380 (D. Idaho July 2, 2019); *In re Maui Indus. Loan & Fin. Co., Inc*., 2013 WL 2897792, *7 (D. Haw. June 13, 2013); *Bash v. Textron Fin. Corp.*, 524 B.R. 745, 758 (N.D. Ohio 2015); *In re Agape World, Inc*., 467 B.R. 556, 570 (Bankr. E.D.N.Y. 2012).

[4] https://www.scribbr.com/fallacies/straw-man-fallacy/ ("Straw man fallacy is the distortion of someone else's argument to make it easier to attack or refute. Instead of addressing the actual argument of the opponent, one may present a somewhat similar but not equal argument. [] By placing it in the opponent's mouth and then attacking that version of the argument, one is essentially refuting an argument that is different from the one under discussion.").

**The Trustee will sit for a R. 30(b)(1) deposition**. The Trustee is not claiming a blanket privilege over everything she knows or has done. Rather, her position is that a R. 30(b)(6) deposition will inappropriately turn the deposition into a memory contest, be unduly burdensome, and necessarily invade work product and attorney client protections; thus, a protective order should issue. Motion, pg. 6-9.

A R. 30(b)(6) deposition is not a memory contest; it is simply impractical / impossible to expect the Trustee to be forced to know everything at a deposition, especially as an after-the-fact fiduciary with a number of professionals assisting her and the estate. Motion, pg. 12-13.

### VII. The Topics Are Overbroad and Excessive

The Defendants cite to *Reno v. W. Cab Co.*, 2020 WL 5902318, *2 (D. Nev. Aug. 31, 2020), which recites (citations and notations omitted, emphasis added) as follows:

> A deposition taken pursuant to Rule 30(b)(6) requires a corporation to designate knowledgeable persons and to prepare them to fully and unevasively answer questions about the designated subject matter. **In light of the obligation on the noticed party, courts have recognized a reciprocal obligation by the party seeking the deposition to carefully draft the deposition notice and have repeatedly emphasized the practical constraints on the scope of a Rule 30(b)(6) deposition**. **Courts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices**. …
>
> The purpose served by [Rule] 30(b)(6)—to require an organization to identify and designate a witness who is knowledgeable on the noticed topic, particularly where the noticing party is unable to itself identify an appropriate witness because that knowledge lies within the organization—**does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation**. This would render unworkable the obligation of the responding party to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the subject matter, as that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand. **To require the opposing party to respond to an excessive notice would be to ignore the directive of Rule 26(b)(2)(C)(iii) to limit the extent of otherwise relevant discovery where the benefit to and need of the propounding party is outdone by the burden, expense, and ... impracticable demand imposed on the other side**.
>
> **It is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything.** Hence, while Rule 26(b)(1) permits a party to obtain

6

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, **courts have limited discovery where the breadth of subjects and number of topics identified in a Rule 30(b)(6) deposition notice renders a responding party's efforts to designate a knowledgeable person unworkable**.

Even if R. 30(b)(6) deposition is permitted by the Court, the Defendants have failed to meet their obligations regarding the Topics. The Trustee relies on her Motion, pgs. 12-17, but responds to the Defendants' three bullet points (Response, pg. 10) as they demonstrate that the Trustee's correct position and the Defendants' incorrect position.

(1) <u>Bullet Point 1</u> – It is true that the Defendants define "your" knowledge as the Trustee and her employees, agents, etc. **But this necessarily includes the Trustee's lawyers and other professionals**. In other words, the Topics specifically seek attorney client and work product matters. Not only is this improperly invasive on its face, but the Defendants should not be permitted to "depose" the Trustee's lawyers and other professionals indirectly in this manner. Motion, pgs. 6-9.

(2) <u>Bullet Point 2</u> – KMH Systems, Inc. and King Solarman, Inc. may be relevant, although only the former is mentioned in the Complaint. Moreover, the Defendants can take those parties' depositions (and ask their own employees about them). The Trustee was not "there" and should not be burdened with a R. 30(b)(6) topic.

(3) <u>Bullet Point 3</u> – The Trustee agrees that the Ponzi Presumption is relevant, but (1) disagrees with the Defendants' statement of the law; (2) "relevancy" is not the standard for a R. 30(b)(6) deposition; and (3) the Davis Report provides more than enough information such that the proportionality of Defendants' need simply does not favor a memory contest.

The Defendants mis-apply the standard. The Defendants, as the party seeking the R. 30(b)(6) deposition, have the burden "to carefully draft the deposition notice." "Courts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Reno*, 2020 WL 5902318, *2.

Here, the Topics and far too broad, unclear, and excessive, and place a tremendous and improper burden on the Trustee. As the Trustee explained in her Motion, citing to another court from within the Ninth Circuit, the Defendants have the burden to designate the R. 30(b)(6) topics with "**painstaking specificity**"[5] – here, the Defendants have failed their burden.

---

[5] Motion, pg. 12-13 citing *United States v. HVI Cat Canyon, Inc.,* 2016 WL 11683593, *7 & *10 (C.D. Cal. Oct. 26, 2016) (emphasis added).

7

The Trustee appreciates the Defendants' willingness to confer on the Topics in the future, and the Trustee is of course willing to do so. The Trustee appreciates the Defendants' professionalism. But to be clear, the Topics show how burdensome and invasive (including into protected matters) a R. 30(b)(6) deposition of the Trustee would be and is, and that it should be denied completely under the circumstances of this litigation.

## VIII.  Conclusion

For all the reasons stated above, and in the Motion, the Trustee respectfully requests that Motion be granted. The Trustee will then work with the Defendants to arrange for and schedule the Trustee's R. 30(b)(1) deposition.

DATED: June 22, 2023.

**HARTMAN & HARTMAN**

*/s/ Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.
*Attorney for Plaintiff Christina W. Lovato*

**MELAND BUDWICK, P.A.**

*/s/ Solomon B. Genet*
Michael S. Budwick, Esq.
Solomon B. Genet, Esq.
Meaghan E. Murphy, Esq.
Gil Ben-Ezra, Esq.
Alexander E. Brody, Esq.
*Attorneys for Plaintiff Christina W. Lovato*

**CERTIFICATE OF SERVICE**

I certify that on June 22, 2023, I caused to be served the above-named document as indicated below:

✔ a. Via ECF to:
  ALEXANDER E. BRODY    abrody@melandbudwick.com
  ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
  mrbnefs@yahoo.com
  MICHAEL S. BUDWICK    mbudwick@melandbudwick.com
  ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
  MARK J. CONNOT    mconnot@foxrothschild.com
  dloffredo@foxrothschild.com
  SOLOMON B. GENET    sgenet@melandbudwick.com
  ltannenbaum@melandbudwick.com ltannenbaum@ecf.courtdrive.com
  JEFFREY L HARTMAN    notices@bankruptcyreno.com
  abg@bankruptcyreno.com
  CHRISTINA W. LOVATO    trusteelovato@att.net NV26@ecfcbis.com
  M. KEVIN MCCARRELL    kmccarrell@foxrothschild.com
  MEAGHAN E. MURPHY    mmurphy@melandbudwick.com

✔ b. Direct Email to:
  Mark J. Connot, Esq.
  Kevin M. Sutehall, Esq.
  Colleen E. McCarty, Esq.
  M. Kevin McCarrell

  mconnot@foxrothschild.com
  ksutehall@foxrothschild.com
  cmccarty@foxrothschild.com
  kmccarrell@foxrothchild.com

  William Noall, Esq.
  wnoall@gtg.legal

Dated: June 22, 2023.    **MELAND BUDWICK, P.A.**

  */s/ Solomon B. Genet*
  Solomon B. Benet, Esq.
  Attorney for Christina Lovato, Trustee

9